■ MARTIN M. SPENCER, Respondent, v MARIA SPENCER, Appellant. [646 NYS2d 674] —Judgment, Supreme Court, Queens County (Thomas V. LaFauci, J.H.O.), entered on August 31, 1994, which, *inter alia*, dissolved the parties' marriage, awarded the wife $350 per month in permanent maintenance and $5,000 in arrears, awarded the wife exclusive ownership and possession of two condominium apartments located in Manhattan, New York, ordered the parties to share the proceeds of the sale of the two apartments in Queens after all expenses and reimbursement to plaintiff for moneys spent to purchase the apartment have been paid, and awarded the wife's counsel $40,939 in attorney's fees, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of vacating the distributive award, finding the two Manhattan apartments to be marital property and remanding for further proceedings with respect to distribution thereof, finding the two apartments in Queens to be separate property, and ordering that the plaintiff purchase the defendant's fifty percent interest in the appreciation of the Queens apartments, and otherwise affirmed, without costs.

The parties were married on July 4, 1973, and they separated sixteen years later, in October 1989. While married, the plaintiff was a professor of accounting. He also maintained an accounting practice and managed certain investment accounts which included his inheritance, executor's commissions, and other funds. Prior to the marriage, the plaintiff had also been employed from 1948 to 1968 as a City tax examiner. The defendant did not work outside the home, and she assumed primary responsibility for all household tasks. There are no children of the marriage.

Prior to the marriage, the plaintiff owned a home, where the parties lived until the plaintiff sold it in 1982 for $125,000. With the proceeds of this sale, combined with funds from an inheritance account, the plaintiff purchased a co-operative apartment in Queens. Both of the parties' names are listed on the shares for this co-operative. In 1984, the plaintiff purchased

the adjoining apartment for $50,000; he and his wife were also listed on the shares for this apartment.

After the parties' marriage, the defendant and her daughter purchased two apartments in Manhattan, one for $69,627.16; the other for $106,000. The plaintiff co-signed the mortgage loan of $63,000 on the second Manhattan apartment. The equity in this property at the time of trial was $36,171. The apartment was rented and the rental income was deposited in the defendant's separate account.

By order entered June 7, 1991, the plaintiff was directed to pay the defendant $200 per week in temporary maintenance, carrying charges on the Queens apartments, the defendant's uninsured medical expenses, automobile maintenance, repairs, and automobile insurance. The court made findings that the plaintiff's yearly income was $75,260: $50,043 from City pension benefits, Social Security, and a university pension, and $25,000 in interest on an inheritance account held jointly by the plaintiff and his son. It also found that the defendant's income included the aggregate of $9,966 Social Security benefits, $3,796 in dividend income, and the rental income received from one of the Manhattan apartments.

In fashioning the distributive award, the court found that the husband's City pension was separate property, and that his Social Security and university pension were marital property. It determined that the defendant should receive an award of permanent maintenance in the amount of $350 per week terminable upon the death of either party, or the defendant's remarriage. The two Queens apartments were determined to be the separate property of the plaintiff, and the Manhattan apartments were deemed the separate property of the defendant. The court also awarded the defendant's counsel $40,939 in fees, expert fees, and disbursements, and this appeal ensued.

The defendant seeks an upward modification of both the distributive award and the award of permanent maintenance. As concerns the distributive award, Domestic Relations Law § 236 (B) (1) (c) and (d) provide that marital property is subject to equitable distribution, while separate property remains that of each individual spouse. Marital property includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]), and the term marital property has been construed broadly to give meaning to the notion that a marriage is an economic partnership (*see, Price v Price*, 69 NY2d 8, 11; *Feldman v Feldman*, 194 AD2d 207; *Sclafani v Sclafani*,

178 AD2d 830). Separate property, which is more narrowly construed, includes, as relevant here, "property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]), and "property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]).

The trial court properly concluded that an inheritance received by the plaintiff from his brother and sister, and thereafter placed in the Merrill Lynch investment account, was his separate property upon receipt, and that he continued to maintain this asset as separate throughout the marriage (*McGarrity v McGarrity*, 211 AD2d 669; *Alaimo v Alaimo*, 199 AD2d 1039; *Feldman v Feldman, supra*). The fact that the plaintiff may have made withdrawals from his separate account to pay marital expenses does not alter this conclusion (*Feldman v Feldman, supra*, at 216), as there was insufficient evidence of commingling to conclude that this account was transmuted into marital property.

Pursuant to Domestic Relations Law § 236 (B) (1) (d) (3), however, the appreciation of this account, due to the plaintiff's management during the marriage, must be credited to the defendant, who is entitled to a fifty percent share of such appreciated value during the marriage as part of the marital estate. As recognized by the Court of Appeals in *Price v Price* (*supra*, at 17), "where separate property of one spouse has appreciated during the marriage and before execution of a separation agreement or commencement of a matrimonial proceeding * * * 'due in part' to the contributions or efforts of the non-titled spouse as parent and homemaker, the amount of that appreciation should be added to the sum of marital property for equitable distribution" (Domestic Relations Law § 236 [B] [5]; *see also, Hartog v Hartog*, 194 AD2d 286, 291-292, *affd as mod* 85 NY2d 36). Here, the plaintiff used his experience in accounting and taxation to manage the investments in the inheritance accounts with his son. Since the defendant indirectly contributed to the appreciation of this asset by handling the household matters, thereby permitting her husband the freedom to devote energy to his financial endeavors (*Price v Price, supra*, at 16), her contribution should be given consideration in the distribution of the appreciated value of this asset.

The record also reveals that the Queens apartments were purchased with the plaintiff's separate income from both the

inheritance account and the sale of a home owned by him prior to marriage, and that these properties were therefore properly excluded from the marital estate. However, since the defendant indirectly contributed to the appreciation of these apartments, she is entitled to a fifty percent share of their enhanced value during the marriage (*Price v Price*, 69 NY2d 8, 11, *supra*). Since the plaintiff is currently residing at one of the apartments, we direct a hearing to determine the present value of this property, and the value attributable to appreciation, upon termination of which the plaintiff is directed to purchase the defendant's fifty percent interest in the value due to appreciation.

Although the plaintiff did not file a cross-appeal from the trial court's judgment, this Court has the power to alter the distributive award based upon a concession of error at oral argument (*see, Lea v Lea*, 59 AD2d 277, 279-280, *lv denied* 43 NY2d 646). Doing so, we conclude that since both Manhattan apartments were purchased during the marriage, they are presumed to be marital property, a presumption not rebutted here by the defendant's deposition testimony that both she and her daughter contributed individual funds to make the purchase, especially where the plaintiff co-signed the mortgage loan on this property (Domestic Relations Law § 236 [B] [4]; *Silver v Akerson*, 223 AD2d 499; *Pullman v Pullman*, 176 AD2d 113; *Lolli-Ghetti v Lolli-Ghetti*, 165 AD2d 426, *lv denied* 78 NY2d 864). These apartments are therefore subject to equitable distribution.

The defendant also contends that the lifetime permanent maintenance award of $350 per week was inadequate because it did not adequately reflect her pre-divorce standard of living. We disagree. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court based upon the statutory factors outlined by Domestic Relations Law § 236 (B) (6) (a) (*see, Petrie v Petrie*, 124 AD2d 449, *lv dismissed* 69 NY2d 1038). Here, the lifetime award of $350 per week was equitable given that the parties were married for sixteen years, the plaintiff was 81 years old at the time of trial and no longer received income from his accounting practice, the defendant was 68, in impaired health, did not work while married, and currently has narrow re-employment potential (*Pagano v Pagano*, 202 AD2d 652; *see, Raviv v Raviv*, 153 AD2d 932). Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.