■ DAVID OUZIEL, Respondent-Appellant, v VIVIAN OUZIEL, Appellant-Respondent. [728 NYS2d 75] —In a matrimonial action in which the parties were divorced by judgment dated August

26, 1998, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.H.O.), dated February 1, 2000, as computed her interest in the equity of the marital residence based upon the amount for which the plaintiff refinanced the premises rather than upon the fair market value of the residence, and the plaintiff cross-appeals from so much of the same order as failed to credit him for improvements made to the marital residence, failed to direct the defendant to pay certain marital debts, and awarded the defendant medical expenses.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof calculating the defendant's interest in the equity of the marital residence based upon the amount for which the plaintiff refinanced the premises, and substituting therefor a provision calculating the defendant's interest in the equity of the marital residence based upon the fair market value of the residence, (2) deleting the provision thereof granting the plaintiff an offset for the cost of improvements to the marital residence in the amount of $9,920 and substituting therefor a provision granting an offset for such improvements in the amount of $30,000, (3) deleting the provision thereof denying the plaintiff an offset in the amount of one-half of the sum owed on two outstanding student loans owed by the parties' daughter and substituting therefor a provision granting such relief, (4) deleting the provision thereof denying the plaintiff an offset in one-half of an outstanding tax bill for 1994 and substituting a provision therefor granting such relief, and (5) deleting the provision thereof denying the plaintiff an offset in one-half of the amount of an outstanding loan in the amount of $37,067.51 and substituting therefor a provision granting the plaintiff an offset for one-half of the amount of principal and interest paid and/or due on the loan as of the date of the commencement of this action; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The parties, former husband and wife, were divorced by judgment entered August 31, 1998. Pursuant to the judgment of divorce, the defendant was to receive, *inter alia*, a sum "equal to forty percent of the equity in the marital residence." In relevant part, the defendant's equity in the residence was defined as "the fair market value of the house, less the amount of the unpaid principal of the mortgage at the date of the commencement of this action, less the cost of improvements (substanti-

ated by paid bills and proof of payment thereof and not to exceed the sum of $30,000.00), that the plaintiff has put into the house since the date of the commencement of this action." Further, the judgment provided that the parties were each to pay one-half of the balance and interest due on all outstanding student loans for their daughter, and on all other outstanding debts incurred after the marriage and prior to the commencement of the action. In the order appealed from, the Supreme Court, after a post-judgment hearing, calculated and awarded the defendant her equitable interest in the marital residence, to be paid from a fund created by monies obtained from the refinancing of the marital residence, after various offsets to each party. We modify.

The Supreme Court erred in calculating the defendant's equity in the marital residence based on the amount for which the plaintiff refinanced the home. Pursuant to the method set forth in the judgment of divorce, the defendant's interest in the equity of the marital residence was to be calculated based on the fair market value of the marital residence, which was determined to be $360,000.

Further, the Supreme Court erred in determining the amount of offsets due to the plaintiff. At the hearing, the plaintiff presented evidence of payments in excess of $30,000 for improvements made to the marital residence during the relevant period, including, *inter alia*, new windows and doors, the replacement of gutters and soffits, plumbing work, and the replacement of the driveway. Thus, the plaintiff was entitled to an offset for such improvements in the maximum amount permitted by the judgment of divorce, i.e., $30,000. Further, pursuant to the plain terms of the judgment of divorce, and as is made clear from various statements made at proceedings giving rise to the judgment of divorce, the plaintiff was entitled to an offset in one-half of the amount of all outstanding student loans for the parties' daughter, including the two at issue that were in the daughter's name alone. The plaintiff also presented unrebutted evidence that he was entitled to an offset in one-half of the amount of an outstanding 1994 income tax bill that accrued during the marriage. Finally, the Supreme Court erred in not awarding the plaintiff an offset for a loan taken against his pension fund. Pursuant to the judgment of divorce, the defendant was awarded a share of the plaintiff's pension pursuant to the formula approved in *Majauskas v Majauskas* (94 AD2d 494, *affd* 61 NY2d 481). At the hearing, the plaintiff presented evidence that he had taken a loan against the pension before the commencement of the action, that the proceeds of

the loan were used for marital debts, and that, at the time of commencement, there was an outstanding balance on the loan of $37,067.51, which was being paid back by deductions from his paycheck. The defendant, in effect, conceding that the loan was a marital debt, argued that she should not be obliged to make any payments on the loan, but rather, that the loan would be dealt with when, as directed by the court, a Qualified Domestic Relations Order was drafted concerning the pension. We disagree with the defendant and direct that the loan be paid back immediately, with the defendant paying one-half of the principal and interest paid and/or due on the loan as of the date of commencement of the action.

Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a recalculation of the defendant's equity in the marital residence after the appropriate offsets to the plaintiff.

The parties' remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.