■ Adetato M. Majekodunmi, Appellant-Respondent, v Ibikunle K. Majekodunmi, Respondent-Appellant. [765 NYS2d 680] —Peters, J. Cross appeals from that part of a judgment of the Supreme Court (Kramer, J.), entered April 24, 2002 in Schenectady County, ordering maintenance and counsel fees to plaintiff and denying child support to defendant.

The parties were married in Nigeria in 1971 and have four children. At the time of this proceeding, only their daughter Adetoro was unemancipated. Before moving to the United States from Nigeria to further defendant's education, plaintiff owned and operated a supermarket. After moving here, plaintiff worked at night and attended community college during the day, ultimately earning an associate's degree in business management; she later took additional courses in computer training and business development. Defendant earned both Bachelor's and Master's degrees in the United States while working in the evening. It is undisputed that both parties shared child care responsibilities.

In August 2000, plaintiff commenced this action for divorce. Eventually all issues, other than child support and maintenance, were settled. After trial, plaintiff was awarded maintenance in the amount of $420 per month until February 8, 2004,

as well as $2,000 in counsel fees; defendant's request for child support for Adetoro was denied.* Both parties appeal.

Highlighting her predivorce standard of living, plaintiff challenges the durational award of maintenance. Recognizing that its amount and duration are issues to be resolved by the trial court in the exercise of its discretion (see Moschetti v Moschetti, 277 AD2d 838, 838 [2000]; Petrie v Petrie, 124 AD2d 449, 451 [1986], lv dismissed 69 NY2d 1038 [1987]), we find no error. The parties' predivorce standard of living was frugal. Plaintiff worked a series of jobs with the most profitable being employment for one year at a salary of $27,000. She thereafter sustained an injury, received a $13,000 workers' compensation settlement and used these funds to pursue a singing career in London, England. Plaintiff later moved back to New York, but did not resume residence with defendant and the children.

Defendant earns an annual salary of $49,124 and has the ability to earn seasonal overtime pay. When the parties resided together, the family bought food in bulk, rarely ate in restaurants and never went to the movies. They took one vacation per year, visiting Disney World twice, with all other vacations limited to staying with friends. In 1996, the parties filed for bankruptcy. Defendant contended that he always paid all of the household expenses. He still pays all of the medical bills not covered by insurance for Adetoro, who suffers from sickle cell anemia, as well as her college expenses. Three of their four children still reside in the marital home with defendant.

Plaintiff has not contributed monetarily to the support of the family. Despite her limited employment of 24 hours per week at a salary of $7 per hour, she admitted to indulging in purchases of expensive perfumes and cosmetics, spending approximately $1,500 a year on vacations and approximately $40 a month on movies. Yet, she bemoaned lacking sufficient funds to pay her rent, telephone and electric bills. Notably, she admitted that she owned jewelry valued at approximately $10,000.

Upon considering, among other things, the duration of the marriage, the parties' health, their age, the disparity in their earning capacity and plaintiff's contribution as a spouse and homemaker (see Domestic Relations Law § 236 [B] [6] [a]; Hartog v Hartog, 85 NY2d 36, 51 [1995]; Callen v Callen, 287 AD2d 818, 820 [2001]), we fail to find the durational award of maintenance to be an abuse of discretion. Yet, we do find error in Supreme Court's failure to award child support to defendant

---

* Custody of Adetoro had been granted to defendant by an order of Family Court.

by its finding that it would be "nonsensical" to require plaintiff to pay her $32.24 weekly pro rata share due to her outstanding debt. " 'A parent's child support obligation is not necessarily determined by his or her current financial condition' but rather by his or her ability to provide support" (*Matter of Collins v Collins,* 241 AD2d 725, 727 [1997] [citations omitted], *appeal dismissed and lv denied* 91 NY2d 829 [1997], quoting *Orlando v Orlando,* 222 AD2d 906, 907 [1995], *lv dismissed and denied* 87 NY2d 1052 [1996]; *see* Domestic Relations Law § 240 [1-b] [b] [5] [v]; [g]).

Finally reviewing the award of counsel fees, we note no basis to disturb the determination rendered. The record is clear that Supreme Court considered all relevant factors before concluding that plaintiff's counsel should be compensated only for the work that he was directed to do in connection with his pro bono assignment (*see* Domestic Relations Law § 237; *Webbe v Webbe,* 267 AD2d 764, 765 [1999], *lv denied* 95 NY2d 753 [2000]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's request for child support; plaintiff is directed to pay defendant weekly child support in the amount of $32.24; and, as so modified, affirmed.