■ ANGELA J. EVANS, Appellant, v JOSEPH M. EVANS, Respondent. [866 NYS2d 788]—

Kavanagh, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered February 26, 2007 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered July 30, 2007 in Albany County, which, among other things, granted defendant's motion to resettle the judgment of divorce.

Plaintiff and defendant were married in 1985 and have two children (born in 1988 and 1992). After plaintiff commenced this divorce action, the parties reached a partial stipulation and proceeded to trial on the following unresolved issues: (1) the value/distribution of defendant's electrical engineering degree as a marital asset; (2) the amount to be paid by defendant for spousal maintenance; (3) child support; (4) the relative responsibility of the parties for the payment of college expenses for their children; (5) the distribution of marital debt; and (6) what contribution, if any, defendant should make towards plaintiff's counsel fees. Supreme Court ultimately issued findings of fact and conclusions of law, and executed a judgment of divorce. Upon motions made by both parties, Supreme Court

revisited its findings and resettled the judgment. Plaintiff now appeals from the judgment of divorce and the resettlement order.

The principal issue raised by plaintiff on this appeal is that Supreme Court erred by determining that defendant's engineering degree did not enhance his earning capacity and that, even if it had, plaintiff did not make a substantial contribution toward his efforts in obtaining it. Plaintiff claims that Supreme Court erred by deciding not to distribute to her an appropriate proportion of this marital asset.[1] We disagree.

While the parties agree that much of the work put forth by defendant to earn this degree occurred during the marriage, plaintiff—to be entitled to a share of its value—must demonstrate that the degree enhanced defendant's earning capacity and that she, in a meaningful and substantial way, contributed to his efforts in obtaining it (see Carman v Carman, 22 AD3d 1004, 1006 [2005]; Halaby v Halaby, 289 AD2d 657, 659 [2001]; Brough v Brough, 285 AD2d 913, 914 [2001]). In the first instance, Supreme Court found that "the value of [defendant's] enhanced earnings are zero as a result of having attained an engineering [d]egree, because the testimony established that he could have attained the position of Manager of Global Sourcing without his engineering [d]egree." In support of this conclusion, defendant's expert—a certified public accountant—concluded that whatever promotions defendant obtained during his employment were likely the product of his professional competence and would have occurred "even if [defendant] had not obtained the [d]egree." While plaintiff presented expert testimony that reached a different conclusion, it was for Supreme Court to evaluate this testimony, assign to it whatever weight the court believed it deserved and arrive at determinations that were supported by the credible evidence introduced at trial (see Spreitzer v Spreitzer, 40 AD3d 840, 841 [2007]). As such, there is no basis for us to conclude on this record that the court's resolution of this issue was an abuse of its discretion (see Halaby v Halaby, 289 AD2d at 660; see also Holterman v Holterman, 3 NY3d 1, 8 [2004]).

Supreme Court also found that, even if defendant's degree enhanced his earning capacity, plaintiff failed to demonstrate that she made any meaningful contributions that assisted defendant in earning it. " 'Where only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is

---

1. Each side agrees that approximately 68% of the value of this degree was earned during the marriage and is a marital asset.

more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity' " (*Carman v Carman*, 22 AD3d at 1006-1007, quoting *Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003]). Plaintiff's contributions, while significant, "can be seen more as overall contributions to the marriage rather than an additional effort to support defendant in obtaining his license" (*Carman v Carman*, 22 AD3d at 1007). Therefore, again deferring to the considerable discretion accorded to Supreme Court in decisions of this type, we find that no error exists in the court's conclusion that plaintiff is not entitled to share in the value of this degree (*see Gandhi v Gandhi*, 283 AD2d 782, 784 [2001]).

We are also unpersuaded by plaintiff's challenge to Supreme Court's distribution of the marital debt. Defendant argued that approximately $40,500 of what was owed by the parties was, in fact, incurred to pay for household expenses and, therefore, should be classified as marital debt and shared equally by the parties. Plaintiff countered that most of this debt came from expenditures that were made by defendant on his credit cards and, therefore, are his sole responsibility. While the credit cards upon which this debt is based were solely in defendant's name, and the charges on them were made in each instance by defendant, he testified that each charge made was to pay for marital and work-related expenses and were supplemented by two loans that he took against his 401(k) account to pay for other household expenditures. Plaintiff offered no evidence disputing defendant's testimony on this issue and, again, the court's credibility determinations in this regard must be accorded great deference (*see Gulbin v Moss-Gulbin*, 45 AD3d 1230, 1232 [2007], *lv denied* 10 NY3d 705 [2008]). Considering the distribution of the parties' assets, the award for maintenance and the amount to be paid for child support, as well as the parties' respective financial situation, we cannot conclude that the distribution of this debt was an abuse of the court's discretion, or was, in any way, improper (*see id.*; *Liepman v Liepman*, 279 AD2d 686, 689 [2001]).[2]

We also reject plaintiff's challenge to Supreme Court's find-

2. Supreme Court's initial findings on this issue were factually inconsistent in that it originally found defendant to be solely responsible for the credit card debt, both 401(k) loans, the home equity loan and the loan received from his sister. At the same time, the court also found that the first 401(k) loan, the American Express credit card debt and revolving credit card debt were marital and, as such, should be shared equally by the parties. Both parties moved to resettle and, in response, the court resolved these inconsistencies and found that the debts in question were marital, to be shared equally by the parties. In

ings regarding child support. In this regard, Supreme Court specifically rejected defendant's computation of child support and, while it did not accept plaintiff's calculation of defendant's annual income, the court did adopt, in full, plaintiff's proposed findings as to defendant's child support obligation. Accordingly, we see no reason to disturb this finding.[3]

We also find no discernable error in Supreme Court's decision that defendant must contribute $15,835 towards the payment of counsel fees incurred by plaintiff and the court's failure to award the full amount requested by plaintiff. In its decision, Supreme Court determined that an appropriate figure for the counsel fees incurred by plaintiff should be $31,669—not the $54,676 as requested—and then directed defendant to pay half of that amount. After considering the relevant factors, we see no reason to disturb this award (see Gulbin v Moss-Gulbin, 45 AD3d at 1232; Farrell v Cleary-Farrell, 306 AD2d at 600).

Plaintiff also claims that Supreme Court erred in its calculation of maintenance because, in arriving at its final figure, the court appeared to reduce the amount of defendant's annual pretax income by a portion of the value it placed on his engineering degree as a marital asset, yet, in its final decision, failed to award plaintiff any part of the value of that degree. In that regard, Supreme Court found that "[i]n an effort to avoid duplication between any maintenance award and distribution as property of the marital portion of [defendant's] [d]egree I find that the total pre-tax income available from him for maintenance is $77,520.00." The court also found that "[t]here is a permanent disparity in the earnings and earning potential of the parties here in favor of [defendant], even after taking into account any [Grunfeld] duplication analysis."

Considering the fact that Supreme Court did not distribute any portion of the value of defendant's degree to plaintiff as a marital asset, it erred by calculating maintenance based upon an annual income figure of $77,520, after a Grunfeld duplication analysis. Rather, the award for maintenance should have been, in part, based upon defendant's annual income of $93,500. Therefore, while the amount of maintenance is generally left to the trial court's discretion (see Domestic Relations Law § 236

this regard, we find the initial inconsistency to be merely an error which, upon reflection, the court sought to resolve and ameliorate.

3. We do agree with plaintiff that Supreme Court's finding with respect to child support was, in places, inconsistent; it found in one instance that it was appropriate to impute income to plaintiff but, in another instance, found it inappropriate to do so. However, inasmuch as defendant does not challenge the child support award, and these inconsistencies actually worked to his detriment, plaintiff's challenge to this award is simply not persuasive.

[B] [6] [a], [b]; *Fosdick v Fosdick*, 46 AD3d 1138, 1140 [2007]), the basis upon which Supreme Court issued its maintenance award was improper and, therefore, it must be modified (*see Schwalb v Schwalb*, 50 AD3d 1206, 1209 [2008]).

As noted by Supreme Court, this was a long-term marriage with two children, one of whom has special needs. Plaintiff's annual income as a self-employed hairstylist was $17,047, as opposed to defendant's annual salary of $93,500, and a permanent disparity, as noted by Supreme Court, exists in the parties' respective earning potential. Given that the parties were married for 19 years, and considering their ages, the present state of their health, their incomes and earning capacity disparity, the duration and amount of maintenance already paid to plaintiff during the pendency of this proceeding, the equitable distribution of the parties' assets and debt, plaintiff's ability to become self-supporting, and the status of the children (*see* Domestic Relations Law § 236 [B] [6] [a]), in particular the daughter's special needs, we find that defendant should pay maintenance to plaintiff in the amount of $1,000 per month until plaintiff is eligible to receive Social Security benefits.

Moreover, we agree that defendant should have been directed to contribute towards the college expenses incurred on behalf of both children. As pointed out in the motions to resettle the judgment brought by both parties, Supreme Court initially found that there was "an expectation of higher education in the family" and ordered the parties to equally share any future college expenses. It also made a contrary finding and specifically determined that "[t]he request for payment of college expenses is denied." Absent an agreement between the parties, an award of college expenses is appropriate "[w]here the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary, private, special, or enriched education for the child is appropriate" (Domestic Relations Law § 240 [1-b] [c] [7]; *see Brough v Brough*, 285 AD2d at 917). Factors to be considered "include the child's academic ability, the parents' educational background and the ability to pay" (*Matter of Naylor v Galster*, 48 AD3d 951, 953 [2008]). Here, considering that plaintiff's daughter is currently attending college, as well as the time that defendant devoted during the marriage toward earning his engineering degree, we find that an expectation existed among the parties that the children would attend college, and that defendant should share equally in the payment of such expenses.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur.

Ordered that the judgment and order are modified, on the law and the facts, without costs, by (1) awarding defendant maintenance in the amount of $1,000 per month until she becomes eligible for Social Security and (2) directing the parties to equally share their children's college expenses, and, as so modified, affirmed.