■ DAVID M RUBIN, Respondent-Appellant, v KAREN E. RUBIN, Appellant-Respondent. [880 NYS2d 484]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered December 11, 2008, which, to the extent appealed from, awarded defendant taxable maintenance in the amount of $8,000 per month for eight years and thereafter $7,000 per month for two years and retroactive nontaxable maintenance in the amount of $29,700, unanimously modified, on the law, to reduce the retroactive nontaxable maintenance award to $22,200, and to direct defendant to refund plaintiff an overpayment of $7,500 and otherwise affirmed, without costs.

The court properly determined the amount and duration of maintenance upon consideration of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) (*see e.g. Spencer v Spencer*, 230 AD2d 645, 648 [1996]), particularly the parties' standard of living before the divorce action was commenced and defendant's reasonable needs (*see Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]). The court correctly excluded from its calculation of maintenance plaintiff's earning capacity attributable to his law degree and license and the value of his practice, since these were capitalized and included in the award of equitable distribution (*see Grunfeld v Grunfeld*, 94 NY2d 696 [2000]; *Jarrell v Jarrell*, 276 AD2d 353, 353 [2000], *lv denied* 96 NY2d 710 [2001]).

The award of retroactive maintenance should have been calculated from February 1, 2007, the date on which this action was commenced (*see Solomon v Solomon*, 10 AD3d 584 [2004]). Plaintiff having paid defendant $29,700 for a period including January 2007, he is entitled to a pro rata refund of $7,500.

Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.