# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1312**
**CA 14-02054**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

JAMES L. WAGNER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ELIZABETH A. WAGNER, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (MELISSA THORE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered January 17, 2014 in a divorce action. The judgment, inter alia, equitably distributed the marital property.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the 22nd decretal paragraph to the extent that it establishes the offset amount between plaintiff's maintenance arrears and defendant's marital debt arrears, and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Livingston County, for further proceedings in accordance with the following memorandum: Defendant wife appeals from a judgment of divorce that, inter alia, equitably distributed marital property and liabilities, and directed certain spousal maintenance payments and offset amounts. We reject defendant's contention that Supreme Court abused its discretion in determining that the parties' credit card debt was a marital liability. "It is well settled that [e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (*Oliver v Oliver*, 70 AD3d 1428, 1428-1429 [internal quotation marks omitted]). "It is also well settled that trial courts are granted substantial discretion in determining what distribution of marital property[—including debt—]will be equitable under all the circumstances" (*id.* at 1429 [internal quotation marks omitted]; *see McKeever v McKeever*, 8 AD3d 702, 702-703). "[E]xpenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*Malachowski v Daly*, 87 AD3d 1321, 1322 [internal quotation marks omitted]). "Where, however, the indebtedness is incurred by one party for his or her exclusive benefit or in pursuit of his or her separate interests, the obligation should remain that party's separate liability" (*Jonas v Jonas*, 241 AD2d 839, 840; *see*

*Oliver*, 70 AD3d at 1429; *McKeever*, 8 AD3d at 703).

Here, although defendant asserted that plaintiff husband incurred significant credit card debt without her knowledge, the record establishes that the debt was not incurred for plaintiff's exclusive benefit or in pursuit of his separate interests but, instead, was incurred for various marital expenditures of which defendant was aware, including the financing of expenses associated with the construction of a "dream home" that became the marital residence prior to the parties' separation (*see McCaffrey v McCaffrey*, 107 AD3d 1106, 1108; *Evans v Evans*, 55 AD3d 1079, 1081; *see also Cornish v Eraca-Cornish*, 107 AD3d 1322, 1323-1324). The Matrimonial Referee (Referee), whose decision and order was incorporated by the court in the judgment, determined that defendant was "fully invested" in the credit card expenditures, and that she had "acquiesce[d] to the web of convoluted credit card obligations created by [plaintiff]." The Referee also determined that, even assuming that plaintiff had engaged in misconduct in handling the family finances, defendant had actively or passively participated in such financial mismanagement and therefore could not be absolved from responsibility for the credit card debt (*see Oliver*, 70 AD3d at 1429). We conclude that the Referee's "credibility determinations in this regard must be accorded great deference" (*Evans*, 55 AD3d at 1081; *see generally Wilkins v Wilkins*, 129 AD3d 1617, 1618). Contrary to defendant's further contention, "[t]he court properly considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d)" and, given the nature of the credit card debt and defendant's acquiescence in the expenditures, we conclude that the court did not abuse its broad discretion in distributing the debt equally between the parties (*Burns v Burns*, 70 AD3d 1501, 1503; *see Cornish*, 107 AD3d at 1324; *Evans*, 55 AD3d at 1081).

We reject defendant's contention that the court abused its discretion in awarding her durational maintenance of $1,500 per month for a period of 10 years from the date of her answer. The record establishes that the court considered the requisite statutory factors, including defendant's education, employment history, and ability to increase her earnings in the future, and properly determined that defendant was capable of future self-support (*see Schmitt v Schmitt*, 107 AD3d 1529, 1529; *Burns*, 70 AD3d at 1503; *see also Reed v Reed*, 55 AD3d 1249, 1251).

We agree with defendant, however, that the court abused its discretion in determining the offset amount between plaintiff's maintenance arrears and the interest paid by plaintiff on the marital debt (*see generally Ouziel v Ouziel*, 285 AD2d 536, 538). Despite the existence of an earlier order finding that defendant owed plaintiff half of the amount of interest he had "actually paid" toward the marital debt, which would be offset against the amount that plaintiff owed in maintenance arrears, the court subsequently accepted an email from plaintiff to his counsel calculating the amount of accrued interest incurred on defendant's share of the marital debt as sufficient proof of the offset amount, which resulted in defendant owing plaintiff money. We conclude that such an "unauthenticated

document[] appended to plaintiff's posthearing submission and not received in evidence at trial [is] not competent proof and, therefore, should not have been relied upon by the court" (*Murphy v Murphy*, 126 AD3d 1443, 1446; *see Higgins v Higgins*, 50 AD3d 852, 853-854).  In any event, the email failed to establish the interest actually paid by him (*see Murphy*, 126 AD3d at 1446).  We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to recalculate the offset amount by taking into account the amount of interest plaintiff actually paid on the martial debt.