Mehlenbacher v Mehlenbacher (2021 NY Slip Op 06219)





Mehlenbacher v Mehlenbacher


2021 NY Slip Op 06219


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


548 CA 20-01058

[*1]KURT E. MEHLENBACHER, PLAINTIFF-APPELLANT-RESPONDENT,
v
STEPHANIE MEHLENBACHER, DEFENDANT-RESPONDENT-APPELLANT. 






MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT-RESPONDENT. 
MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (JON W. BRENIZER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Supreme Court, Steuben County (John B. Gallagher, Jr., J.), entered August 4, 2020 in a divorce action. The judgment, inter alia, distributed the marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this matrimonial action, plaintiff husband appeals and defendant wife cross-appeals from a judgment of divorce that, inter alia, distributed the marital property. We reject plaintiff's contention on his appeal that Supreme Court erred in determining that his 25% interest in Mehlenbacher Farms, LLC (LLC), was marital property. Plaintiff obtained his interest in the LLC during the marriage, and it was therefore his burden to rebut the statutory presumption that the interest was marital property (see Fields v Fields, 15 NY3d 158, 163 [2010], rearg denied 15 NY3d 819 [2010]; Iwasykiw v Starks, 179 AD3d 1485, 1486 [4th Dept 2020]; Gately v Gately, 113 AD3d 1093, 1093 [4th Dept 2014], lv dismissed 23 NY3d 1048 [2014]; see also Domestic Relations Law § 236 [B] [1] [c], [d]). In light of the fact that separate property "should be construed 'narrowly' " (Fields, 15 NY3d at 163, quoting Price v Price, 69 NY2d 8, 15 [1986]), we conclude that plaintiff's interest in the LLC does not constitute separate property within the meaning of section 236 (B) (1) (d) (1). Despite the stated intention of plaintiff's parents to give him his interest as a gift, it is clear from the record that the LLC was formed by plaintiff, his brother, and his parents together and that nothing was actually delivered or transferred to plaintiff (cf. Hymowitz v Hymowitz, 119 AD3d 736, 738-739 [2d Dept 2014]; Spielfogel v Spielfogel, 96 AD3d 443, 444 [1st Dept 2012], lv denied 21 NY3d 978 [2013]; see generally Matter of Jordan, 144 AD3d 1630, 1631 [4th Dept 2016], lv denied 29 NY3d 908 [2017]).
Contrary to plaintiff's further contention, we conclude that defendant met her burden of establishing the value of plaintiff's interest in the LLC (see Alper v Alper, 77 AD3d 694, 696 [2d Dept 2010]; Murtari v Murtari, 249 AD2d 960, 961 [4th Dept 1998], appeal dismissed 92 NY2d 919 [1998], cert denied 525 US 1072 [1999]).
" '[T]here is no uniform rule for fixing the value of a going business for equitable distribution purposes' " (Lazar v Lazar, 124 AD3d 1242, 1245 [4th Dept 2015], quoting Burns v Burns, 84 NY2d 369, 375 [1994]). Rather, "valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony" (Burns, 84 NY2d at 375), and the court has "broad discretion in accepting or rejecting all or part of any expert testimony" regarding the value of marital property (Madonna v Madonna, 265 AD2d 455, 455 [2d Dept 1999]; see Scully v Scully, 104 AD3d 1137, 1139 [4th Dept 2013]). Here, defendant presented expert testimony establishing the value of the assets owned by the LLC, and the court's valuation of the LLC and plaintiff's 25% interest therein was based on that expert testimony (see Madonna, 265 AD2d at [*2]455). Plaintiff presented "no expert testimony that would support a different valuation," and "[t]he determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where the valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (Scala v Scala, 59 AD3d 1042, 1043 [4th Dept 2009] [internal quotation marks omitted]).
We reject plaintiff's contention that the court abused its discretion in awarding $50,000 to defendant for attorney and expert witness fees (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Haggerty v Haggerty, 169 AD3d 1388, 1391 [4th Dept 2019]). A court in a divorce action may award counsel fees and expert witness expenses to a spouse to enable that spouse "to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]). Here, the bulk of defendant's counsel fees and expert witness expenses were incurred defending against plaintiff's separate property claim concerning his interest in the LLC.
With respect to the cross appeal, we reject defendant's contention that the court abused its discretion in setting the monthly payment for the distributive award owed to her. Defendant correctly observes that, although the court determined that the $272,831 distributive award would be paid to her over 15 years in monthly installments at five percent interest, the figure for monthly payments awarded by the court, $1,590, is inaccurate if the interest is compounded monthly. Rather than compounding the interest monthly, however, it appears that the court divided the amount of the distributive award by the total number of months to arrive at an interest-free monthly payment of $1,515. Then, in determining the monthly payment owed to defendant, the court simply added five percent of $1,515 to each monthly payment to calculate the amount awarded. A trial court has the discretion to fashion an appropriate distributive award " 'based on what it view[s] to be fair and equitable under the circumstances' " (Betts v Betts, 156 AD3d 1355, 1356 [4th Dept 2017], quoting Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [2009]; see Simmons v Simmons, 159 AD2d 775, 777 [3d Dept 1990]). Based on the size of the distributive award, the nonliquid nature of plaintiff's assets, and plaintiff's ability to pay, we see no basis to disturb the monthly payment set by the court despite the unusual manner in which it calculated the interest thereon.
Contrary to defendant's further contention on her cross appeal, the court did not err in declining to award maintenance to her. "[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Keshav v Singh, 175 AD3d 1055, 1056 [4th Dept 2019] [internal quotation marks omitted]), and we conclude that the court did not abuse its discretion in light of the size of the distributive award (see Chalif v Chalif, 298 AD2d 348, 348-349 [2d Dept 2002]). For the same reason, we further conclude that the court did not err in reducing plaintiff's child support obligation from his pro rata share of the presumptively correct amount of child support (see Holterman v Holterman, 3 NY3d 1, 13-14 [2004]; see also Domestic Relations Law § 240 [1-b] [f]).
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court