Jocoy v Jocoy (2023 NY Slip Op 03652)

Jocoy v Jocoy

2023 NY Slip Op 03652

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

557 CA 22-00465

[*1]KELLY M. JOCOY, PLAINTIFF-APPELLANT,
v
AARON L. JOCOY, DEFENDANT-RESPONDENT. 

DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JAMES P. RENDA, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Paula L. Feroleto, J.), entered March 16, 2022. The judgment, among other things, dissolved the marriage between the parties and equitably distributed the marital assets. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking from the seventh decretal paragraph the sum of $19,174 and substituting therefor the sum of $29,228, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff wife appeals from a judgment of divorce that, inter alia, directed defendant husband to pay child support in the amount of $1,300 per month and a net amount of $8,740 for retroactive child support, and directed him to pay plaintiff $19,174, representing her half of the marital value of the former marital residence.
We reject plaintiff's contention that Supreme Court (Kloch, Sr., A.J.) erred in determining the amount of child support. The parties stipulated to the amount of the basic child support obligation determined pursuant to Domestic Relations Law § 240 (1-b) (c) (see generally Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Martusewicz v Martusewicz, 217 AD2d 926, 927 [4th Dept 1995], lv denied 88 NY2d 801 [1996]). It is well settled that, where the statutory formula results in an unjust or inappropriate result, the court may resort to the factors set forth in section 240 (1-b) (f)
(1-10) and order payment of an amount that is just and appropriate (see Bast v Rossoff, 91 NY2d 723, 729 [1998]; Elizabeth B. v Scott B., 189 AD3d 1833, 1837-1838 [3d Dept 2020]). The court here found that the presumptive amount would be unjust or inappropriate and considered several factors under section 240 (1-b) (f) in awarding a lower amount. We reject plaintiff's contention that the court was in effect improperly applying the proportional offset method (cf. Matter of Livingston County Support Collection Unit v Sansocie, 203 AD3d 1675, 1676-1677 [4th Dept 2022]), and we conclude that the court did not abuse its discretion in deviating from the presumptive amount of child support (see Hughes v Hughes, 200 AD3d 1404, 1408-1409 [3d Dept 2021]; Eberhardt-Davis v Davis, 71 AD3d 1487, 1488 [4th Dept 2010]). Contrary to plaintiff's further contention, the court in fact awarded child support arrears.
We reject plaintiff's contention that the court erred in calculating defendant's separate property credit with respect to the marital residence. Defendant purchased the residence prior to the marriage, and less than three years after the marriage, title to the residence was transferred into the parties' joint names and the mortgage was refinanced. The court did not abuse its broad discretion (see generally Haggerty v Haggerty, 169 AD3d 1388, 1390 [4th Dept 2019]) in calculating defendant's separate property credit by determining his equity in the residence as of the time of the marriage (see Ruane v Ruane, 55 AD3d 586, 588 [2d Dept 2008]; see also Santamaria v Santamaria, 177 AD3d 802, 804-805 [2d Dept 2019]).
We agree with plaintiff, however, that the court abused its discretion in determining the [*2]value of the marital residence by using the valuation date as of the commencement of the action rather than the valuation as of the time of trial. "As a general rule, the value of the marital residence should be fixed as of the time of trial" (Hutchings v Hutchings, 155 AD2d 971, 971-972 [4th Dept 1989]; see Wittig v Wittig, 258 AD2d 883, 884 [4th Dept 1999]; Rosenberg v Rosenberg, 145 AD2d 916, 918 [4th Dept 1988], lv denied 74 NY2d 603 [1989]). We therefore modify the judgment by striking from the seventh decretal paragraph the sum of $19,174 to be awarded to plaintiff representing her half of the marital value of the former marital residence and substitute therefor the sum of $29,228.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court