Doores v Doores (2024 NY Slip Op 03638)

Doores v Doores

2024 NY Slip Op 03638

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

416 CA 23-00966

[*1]JOSHUA R. DOORES, PLAINTIFF-RESPONDENT,
v
JILLIAN M. DOORES, DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR DEFENDANT-APPELLANT. 
JOSHUA R. DOORES, PLAINTIFF-RESPONDENT PRO SE.

Appeal from a judgment of the Supreme Court, Ontario County (Cynthia L. Snodgrass, R.), entered May 4, 2023, in a divorce action. The judgment, inter alia, equitably distributed the parties' assets and debts. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this divorce action, defendant appeals from a judgment of divorce that, among other things, equitably distributed the parties' assets and debts, declined to make an award to defendant for maintenance, and made awards to defendant for child support and attorney's fees. We affirm.
We reject defendant's contention that Supreme Court erred in its determination of equitable distribution. "It is well settled that [e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (Haggerty v Haggerty, 169 AD3d 1388, 1390 [4th Dept 2019] [internal quotation marks omitted]; see Wagner v Wagner, 136 AD3d 1335, 1336 [4th Dept 2016]). " 'It is also well settled that trial courts are granted substantial discretion in determining what distribution of marital property[—including debt—]will be equitable under all the circumstances' " (Wagner, 136 AD3d at 1336; see Haggerty, 169 AD3d at 1390). Here, upon considering the requisite statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d), we conclude that the court properly exercised its broad discretion in making an equitable distribution of the marital debts and assets (see Haggerty, 169 AD3d at 1391; Wagner, 136 AD3d at 1337).
Contrary to defendant's further contention, the court did not err in declining to award maintenance to her. "[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Anastasi v Anastasi, 207 AD3d 1131, 1131 [4th Dept 2022] [internal quotation marks omitted]; see Mehlenbacher v Mehlenbacher, 199 AD3d 1304, 1307 [4th Dept 2021]). This Court's authority in determining issues of maintenance is "as broad as that of the trial court" (Anastasi, 207 AD3d at 1131 [internal quotation marks omitted]; see Reed v Reed, 55 AD3d 1249, 1251 [4th Dept 2008]). Nevertheless, where, as here, the court gave appropriate consideration to the statutory factors under Domestic Relations Law § 236 (B) (6), this Court "will not disturb the determination of maintenance absent an abuse of discretion" (Anastasi, 207 AD3d at 1131 [internal quotation marks omitted]; see Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]). Among other things, the court considered the length of the marriage, defendant's education, employment history, and earning potential, and the fact that defendant was the beneficiary of many expenses paid by plaintiff while the divorce was pending (see generally Lisowski v Lisowski, 218 AD3d 1214, 1217 [4th Dept 2023]; Mehlenbacher, 199 AD3d at 1307; Myers v Myers, 87 AD3d 1393, 1394-1395 [4th Dept 2011]). The court balanced "[defendant's] needs and [plaintiff's] ability to pay" (Gutierrez v Gutierrez, 193 AD3d 1363, 1364 [4th Dept 2021] [internal quotation marks omitted]), and the court [*2]properly determined that defendant is capable of self-support (see Weidner v Weidner, 136 AD3d 1425, 1426 [4th Dept 2016], lv dismissed 28 NY3d 1101 [2016], rearg denied 29 NY3d 990 [2017]; see also Zufall v Zufall, 109 AD3d 1135, 1136-1137 [4th Dept 2013], lv denied 22 NY3d 859 [2014]).
Defendant further contends that the court erred in determining the amount of child support. Preliminarily, we reject defendant's contention that the court erred in calculating her income based on her actual rate of compensation for the job she obtained during the pendency of the divorce. Here, the parties submitted a joint stipulation of undisputed facts, which reflected that defendant had been employed in a full-time capacity earning certain hourly wages since approximately seven months before trial. Contrary to defendant's contention, inasmuch as she was receiving higher rates of compensation at the time of trial than she had received before, the court was not required to determine her income based on previous tax returns or W-2s (see Eberhardt-Davis v Davis, 71 AD3d 1487, 1488 [4th Dept 2010]).
Defendant further contends that the court erred in ordering a downward deviation from the presumptive support obligation calculated pursuant to the Child Support Standards Act (CSSA) (see Domestic Relations Law § 240 [1-b] [c] [2]). "It is well settled that, where the statutory formula results in an unjust or inappropriate result, the court may resort to the factors set forth in section 240 (1-b) (f) (1)-(10) and order payment of an amount that is just and appropriate" (Jocoy v Jocoy, 217 AD3d 1588, 1588 [4th Dept 2023]; see Bast v Rossoff, 91 NY2d 723, 729 [1998]). The court here found that the presumptive amount would be unjust and inappropriate and considered several factors under section 240 (1-b) (f) in awarding a lower amount. We reject defendant's contention that the court was in effect improperly applying the proportional offset method and conclude that the court did not abuse its discretion in deviating from the presumptive amount of child support (see Jocoy, 217 AD3d at 1589; Mehlenbacher, 199 AD3d at 1307; cf. Wagner v Wagner, 217 AD3d 1509, 1512 [4th Dept 2023]).
We reject defendant's contention that the court erred in awarding her, "as 'the non-monied spouse,' [only] a portion of her attorney's fees" (Aggarwal v Aggarwal, 225 AD3d 1226, 1228 [4th Dept 2024]; see also Terranova v Terranova, 138 AD3d 1489, 1489-1490 [4th Dept 2016]). "The award of reasonable counsel fees is a matter within the sound discretion of the trial court" (Iannazzo v Iannazzo [appeal No. 2], 197 AD3d 959, 961 [4th Dept 2021] [internal quotation marks omitted]; see Decker v Decker, 91 AD3d 1291, 1291 [4th Dept 2012]). "In exercising its discretion to award such fees, a court may consider all of the circumstances of a given case, including the financial circumstances of both parties, the relative merit of the parties' positions . . . , the existence of any dilatory or obstructionist conduct . . . , and the time, effort and skill required of counsel" (Iannazzo, 197 AD3d at 961 [internal quotation marks omitted]; see Terranova, 138 AD3d at 1490). We perceive no abuse of discretion here.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court