◼ In the Matter of LYNN REEVES, Respondent, v CLIFFORD SAMSON, Appellant. — Appeal from that part of an order of the Family Court of Schenectady County (Griset, J.), entered August 31, 1983, which directed respondent to pay 20% of his biweekly net earnings for child support and to pay arrears of such support.

The parties herein were formerly husband and wife and are the parents of a son born August 29, 1975. On February 1, 1980, the parties entered into a separation agreement which was incorporated into but not merged with the divorce judgment dated February 13, 1983. The controversy herein concerns the provision for alimony and child support which was contained in the agreement and incorporated into the judgment. It provided that respondent was to pay 30% of his net biweekly earnings to petitioner for child support and alimony and "that the aforementioned payment shall be allocated with 20% being attributed to child support and the balance to alimony payments". It further provided that petitioner's alimony would terminate upon her remarriage, which did occur in March, 1983.[*] Upon petitioner's remarriage, respondent reduced his biweekly payment to $64.83 for child support. His calculation was determined by his contention that his child support payments should constitute 20% of the 30% of his net biweekly income rather than 20% of his full biweekly net income.

Petitioner petitioned Family Court for enforcement of the support provision of the divorce judgment in accordance with her interpretation of it. Family Court interpreted the provision in the same manner as petitioner and directed respondent to pay 20% of his full net income as support for the child. This appeal ensued.

Respondent's first contention is that Family Court had no jurisdiction to interpret a contract. Although Family Court generally has no such jurisdiction, it did have jurisdiction in this instance because the court was being asked to enforce provisions of the judgment of divorce. The mere fact that those terms were arrived at by a contract executed by the parties does not support respondent's position. The terms were adopted by Supreme Court in making provision for support of the issue of the marriage. Family Court is statutorily empowered to modify and enforce a Supreme Court decision concerning the support of a child (Family Ct Act, § 466, subd [b]). The Supreme Court judgment did not reserve exclusive jurisdiction.

The second contention on appeal is that Family Court misinterpreted the provision for child support previously referred to. Assuming that the provision was ambiguous, it was necessary for Family Court to examine the facts and circumstances which

---

[*] The agreement also provided for incremental decreases in what was characterized as "child support and alimony" in that the applicable percentage of respondent's net biweekly earnings was 35% from the date of the agreement until October 1, 1980, 33% from that date until July 1, 1981, and 30% thereafter.

existed at the time that the agreement was incorporated into the judgment of divorce. Respondent was an engineer. Although the record does not disclose his salary at the time of the divorce, his annual earnings at the time of the Family Court hearing were $39,000, which produced a biweekly net of $802. It was the duty of Supreme Court to examine the proposed arrangement for child support prior to execution of the judgment of divorce and to determine its adequacy based upon, among other factors, the father's ability to support his child (Domestic Relations Law, § 240). It would have been unconscionable to permit a person earning in the range of $35,000 to $39,000 to pay only 6% of his net biweekly income for the support of the only child of the marriage. Family Court so found and we agree.

Ordinarily, the judgment of a court is to be construed in a manner consistent with the words employed therein, giving effect to what is necessarily implied viewing the record as a whole (8 Carmody-Wait 2d, NY Prac, § 63:11, p 638). Here, it is inconceivable that Supreme Court would have indorsed the child support provisions of the separation agreement had it subscribed to the interpretation urged upon us by respondent.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine, and Harvey, JJ.