■ In the Matter of Charle L. Rubino, Appellant, v Roy S. Morgan, Respondent. [609 NYS2d 977] —Cardona, P. J. Appeals (1) from an order of the Family Court of Otsego County (Nydam, J.), entered January 21, 1993, which, *inter alia,* granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to terminate respondent's

support obligation with respect to his daughter, and (2) from an amended order of said court, entered January 28, 1993, which modified the prior order.

Petitioner and respondent are the divorced parents of two children. The judgment of divorce, entered in April 1986, incorporated open court stipulations entered into by the parties in February 1986 and March 1986. The judgment provided that the stipulations would survive and not merge into the divorce decree and also provided for concurrent jurisdiction with Family Court concerning enforcement and modification of various issues, including child support. The March 1986 stipulation specifically provided that both parties would contribute to the cost of the children's college education expenses as permitted by their financial circumstances. On December 13, 1990, an order was entered in Family Court setting forth the parties' obligations in reference to child support with no provision for contribution to college costs.

In September 1991, petitioner filed a petition in Family Court requesting modification of the December 13, 1990 order and seeking contribution to the college expenses of the parties' daughter. Respondent, in his answer, requested an order terminating his support obligation with respect to his daughter on the basis that he did not have visitation in over three years and that, based upon all the circumstances, there was an abandonment. The petition was submitted to a Hearing Examiner who referred the matter to Family Court because of the visitation defense. Family Court sent the matter back to the Hearing Examiner, finding that respondent's pleading was really an affirmative defense and did not seek any affirmative relief in reference to custody or visitation. The Hearing Examiner proceeded and, *inter alia,* did not terminate respondent's support obligation. After objections were filed, Family Court terminated respondent's support obligation on the grounds that his daughter's refusal to visit him and the unprovoked rejection of respondent constituted an abandonment.

The pivotal issue here is whether the Hearing Examiner lacked subject matter jurisdiction based upon respondent's pleading which alleged abandonment (lack of visitation) as a defense to the modification petition. Family Court Act § 439 (a) specifically sets forth what Hearing Examiners are empowered to hear. One of the issues that they cannot hear is contested visitation, including visitation as a defense, which must be referred to a Judge. It is clear from respondent's

answer that he was alleging that the denial of his visitation resulting in an abandonment was a defense to the support petition. It is true that respondent was not seeking any affirmative relief to enforce his visitation; however, the statute was amended and became more restrictive when "visitation as a defense" was added to the issues that may not be determined by a Hearing Examiner (Family Ct Act § 439 [a]). Jurisdiction of Hearing Examiners is to be strictly construed and limited to the specific authority granted by statute. Therefore, the Hearing Examiner here did not have subject matter jurisdiction. The fact that Family Court ultimately decided this case differently after objections were filed does not correct the error. This Court is mindful of the caseloads in our Family Courts; however, the Hearing Examiner did not have jurisdiction here and, thus, this matter must be remitted. We are also mindful that in some cases visitation as a defense may be pleaded to harass and delay. Such course of action would amount to frivolous conduct under the court rules (22 NYCRR 130-1.1). Under those circumstances, costs and sanctions may and should be imposed.

There is no basis to award counsel fees to petitioner because the issue was not properly submitted to Family Court nor has entitlement to fees been properly presented to this Court *(see, Matter of Sloam v Sloam,* 185 AD2d 808). Our determination herein renders unnecessary any discussion of the remaining issues raised on this appeal.

Mercure, White, Weiss and Peters, JJ., concur. Ordered that the order and amended order are reversed, on the law, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.