■ In the Matter of KAREN J. HANDLER, Respondent, v ROBERT M. SELBERT, Appellant. [633 NYS2d 669] —Mercure, J. Appeal from an order of the Family Court of Montgomery County (James, J.), entered July 13, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia*, fix child support arrearages.

The parties were divorced in January 1976. The judgment of divorce specifically incorporated but did not merge therein the provisions of the parties' separation agreement and an addendum thereto which, as relevant to this appeal, granted petitioner custody of the parties' daughter Robin (born in 1970) and required respondent to pay child support of $100 per week and "make his best efforts" to provide each of the parties' children with a college education. In July 1989, petitioner initiated this proceeding pursuant to Family Court Act article 4 seeking, *inter alia*, child support arrears from April 1, 1983 and contribution toward the cost of Robin's college education. Respondent sought to dismiss the proceeding upon the grounds that he had been denied visitation with Robin since September 14, 1980 and, further, that the Hearing Examiner lacked jurisdiction to hear the matter because visitation had been interposed as a defense. Following denial of respondent's dismissal motion and written exceptions, the matter proceeded to a hearing before the Hearing Examiner.

Ultimately, the Hearing Examiner denied petitioner's application for support arrears from April 1, 1983 through December 24, 1988 (Robin's 18th birthday) upon a finding that petitioner had interfered with respondent's visitation during that period. Concluding that Robin was capable of arranging her own visitation during her majority, however, the Hearing Examiner made an award of support arrears for the period December 25, 1988 through December 24, 1991 (her 21st birthday). The Hearing Examiner also awarded petitioner a sum equal to one half of her total expenditure to date for Robin's college education. Family Court denied respondent's subsequent objections, and respondent now appeals.

Initially, we reject the contention that, because the parties' separation agreement was not merged into the judgment of divorce, Family Court lacked jurisdiction to enforce its support provisions. Notwithstanding the unfortunate use of the word "merged" in our decision in *Matter of Seibert v Briggs* (152 AD2d 900, 901), it is well-settled law that, absent an express reservation of jurisdiction in Supreme Court, Family Court has authority to enforce the support provisions of a separation agreement that has been *incorporated* in a judgment of divorce, as here (*see,* Family Ct Act § 461 [b] [i]; § 466 [c] [i]; *Matter of Reeves v Samson,* 105 AD2d 1040, 1041; Brandes, *Family Law, 1985 Survey of New York Law,* 37 Syracuse L Rev 505, 575; *cf., Conrad v Lewis,* 93 AD2d 974; *Clune v Clune,* 57 AD2d 256). Without doubt, the divorce decree's incorporation by reference of the support provisions of the parties' separation agreement yielded the full legal equivalent of a Supreme Court order of support (*see,* Domestic Relations Law § 244; *Fishkin v Fishkin,* 201 AD2d 202, 206-207; *Curtis v Curtis,* 151 AD2d 945, *lv denied* 74 NY2d 616).

We are nonetheless required to reverse Family Court's order. Fundamentally, respondent's interposition of the defense of visitation deprived the Hearing Examiner of subject matter jurisdiction, a defect mandating annulment of his determination and remittal to Family Court for a new hearing (*see,* Family Ct Act § 439 [a]; *Matter of Rubino v Morgan,* 203 AD2d 698, 699-670).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.