■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES, on Behalf of KELLY EE., Respondent, v ALLAN EE., Appellant. [659 NYS2d 571] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 6, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

On September 25, 1995, 18-year-old Kelly EE. became eligible to receive public assistance from petitioner. Petitioner filed a petition in Family Court seeking support from respondent, Kelly's father (*see,* Social Services Law §§ 101-a, 102; Family Ct Act § 413), with whom she had resided until the fifth grade and for short periods in 1993 and 1995. In his answer, respondent alleged abandonment (lack of visitation) as

a defense (*see,* Family Ct Act § 439 [a]). Instead of referring the matter to a Judge, the Hearing Examiner proceeded to determine the petition and directed respondent to pay support. Family Court denied respondent's objections and affirmed the Hearing Examiner's decision. Respondent appeals.

We reverse without addressing the merits of respondent's appeal. One of the issues that Hearing Examiners are not empowered to hear and determine is contested visitation, which includes visitation as a defense, alleged here as an abandonment (*see,* Family Ct Act § 439 [a]; *Matter of Rubino v Morgan,* 203 AD2d 698, 699-670). Because the Hearing Examiner lacked subject matter jurisdiction, the order must be reversed and the matter remitted to Family Court for a new hearing (*see, Matter of Handler v Selbert,* 221 AD2d 788, 789; *Matter of Rubino v Morgan, supra*).

Mercure, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.