In the Matter of MARCIA STEARNS, Respondent, v RUSS A. STEARNS, Appellant. (And Two Other Related Proceedings.) [783 NYS2d 686]—

Peters, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered January 28, 2003, which, inter alia, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 4, to modify a prior order of child support.

Petitioner and respondent were married in 1989 and have four children born in 1990, 1992, 1994 and 1999. The parties entered into a stipulation on September 6, 2000 which resolved all issues of child support, custody and visitation. Thereafter, on April 24, 2001, they executed a separation agreement which acknowledged the above stipulation. That agreement was incorporated into a judgment of divorce on August 13, 2001. Pursuant to the terms of their stipulation, respondent was obligated to pay weekly child support in the amount of $135 based upon his estimated income of $25,000 a year, as well as 50% of work-related child care expenses and 50% of the children's

private schooling "for so long as the parties agree upon the school the children shall attend."

In March 2002, petitioner commenced two proceedings seeking both arrearages and a modification of child support (see Family Ct Act § 413); respondent cross-petitioned for a reduction of his support obligation. After a hearing before a Support Magistrate, respondent was found to have unreasonably withheld his consent to reenroll his children in their private school. Respondent was ordered to pay 50% of private tuition and the previous award of child support. After Family Court denied respondent's filed objections (see Family Ct Act § 439 [e]), this appeal ensued.

Finding the parties' stipulation to be vague as to whether respondent's consent was required for a reenrollment of each eligible child for private school every year, Family Court appropriately reviewed the circumstances in existence when the stipulation was executed (see Matter of Reeves v Samson, 105 AD2d 1040, 1041 [1984]; see generally Matter of Handler v Selbert, 221 AD2d 788, 789 [1995]). The record demonstrates that the parties jointly enrolled three of their four children in their current school in April 2000 after they separated. They continued such enrollment each year up to and including the 2001-2002 school year; there has been neither a significant change in the school since their separation agreement nor evidence that the public schools were offering any new advantages that were not previously available. Although respondent insisted that current tuition increases made public school a necessity, the record instead reflects that one half of the private school tuition has consistently been offset by petitioner's employment as a teacher and that the current increase would not obligate respondent to pay more than $17.50 extra per month. With petitioner testifying that child care expenses incurred by a change to the public schools would more than exceed the increase in private school tuition, we find no error.

Next addressing respondent's challenge to the stipulation premised upon his pro se status and his lack of understanding of the Child Support Standards Act, we find no merit. The stipulation was signed and notarized by both parties, acknowledged in their later separation agreement which was incorporated into their judgment of divorce. The sole fact that respondent was not represented by an attorney at the time of its execution does not undermine its validity (see Broer v Hellermann, 2 AD3d 1247, 1248 [2003]; Lounsbury v Lounsbury, 300 AD2d 812, 813 [2002]; Smith v Smith, 263 AD2d 628, 629 [1999], lv dismissed 94 NY2d 797 [1999]). Nor do we find merit in respondent's contention

that he was coerced or under duress when he signed the stipulation due to the threat of legal action which could have been lawfully commenced (*see Lounsbury v Lounsbury, supra* at 815). Failing to prove that any act by petitioner " 'deprived [him] of the ability to exercise [his] own free will' " (*id.* at 815, quoting *Lyons v Lyons*, 289 AD2d 902, 904 [2001], *lv denied sub nom. Anonymous v Anonymous*, 98 NY2d 601 [2002]), respondent's allegation of duress fails.

We further find no error in the denial of respondent's request for a support modification due to his failure to demonstrate a change of circumstances (*see Fendsack v Fendsack*, 290 AD2d 682, 683 [2002]). Although respondent contended that his used car business was affected by the events of September 11, 2001, testimony instead demonstrated that sales increased between 2001 and 2002. Moreover, despite the claim that respondent's work-related disability limited his earning potential because he could not endure long commutes, he testified to the four to five-hour drives he regularly incurs in connection with his used car business. Since a parent's support obligation is determined by his or her ability to provide, rather than his or her current income (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *appeal dismissed and lv denied* 91 NY2d 829 [1997]), no error can be discerned.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.