■ In the Matter of SUSAN R. BARNEY, Respondent, v DENNIS G. VAN AUKEN, Appellant. [916 NYS2d 533]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered November 23, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

Petitioner and respondent are the parents of a daughter. Upon turning 18 in November 2008, the child left respondent's home where she had resided as per a 2004 custody order and moved in with petitioner. Her reasons for leaving respondent's home included his disapproval of her 26-year-old boyfriend. In May 2009, petitioner commenced this proceeding seeking child support. Respondent asserted as defenses, among other things, that petitioner had acted to alienate the child from him, the child was emancipated, and the child had abandoned her relationship with him. The Support Magistrate rejected respondent's defenses and directed that he pay $170 biweekly child support. Family Court denied respondent's objections and this appeal ensued.

We reverse. "One of the issues that [Support Magistrates] are not empowered to hear and determine is contested visitation, which includes visitation as a defense, alleged here as an abandonment" (*Matter of Commissioner of Social Servs. v Allan EE.*, 241 AD2d 688, 689 [1997]; *see* Family Ct Act § 439 [a]; *Matter of Mitchell v Remy*, 24 AD3d 558 [2005]; *Matter of Handler v Selbert*, 221 AD2d 788, 789 [1995]; *Matter of Rubino v Morgan*, 203 AD2d 698, 699-700 [1994]; *but cf. Matter of Donnelly v Donnelly*, 14 AD3d 811, 811-812 [2005]). Here, although the Support Magistrate had authority to issue a temporary order of support (*see* Family Ct Act § 439 [c]), when respondent raised visitation as a defense, the matter should have been immediately referred to Family Court for resolution of such issue (*see e.g. Matter of Commissioner of Social Servs. v Allan EE.*, 241 AD2d at 689). The remaining issues are academic.

Peters, J.P., McCarthy and Garry, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.