In the Matter of SUSAN R. BARNEY, Respondent, v DENNIS G. VAN AUKEN, Appellant. [949 NYS2d 509]—

Lahtinen, J.

The parties' daughter (born in 1990) moved from respondent's

residence to petitioner's home when she turned 18 in November 2008, and in May 2009 petitioner commenced this proceeding seeking child support. Respondent's defenses included visitation as a defense, alleged as abandonment. Since the Support Magistrate improperly ruled upon such issue without referring it to Family Court, we reversed and remitted (81 AD3d 1129 [2011]). Upon remittal, and after a hearing in May 2011 at which the parties appeared pro se, Family Court found that respondent failed to sustain his burden of proving the affirmative defenses. The court directed him to, among other things, pay $170 biweekly in child support for the period from May 2009 when the petition was filed until April 2010 when the child became emancipated. Respondent appeals from that order, as well as from Family Court's order denying his motion for an award of counsel fees incurred up to the time of the earlier appeal.

Respondent initially contends that the Family Court Judge should have recused himself. "Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a trial judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (*Kampfer v Rase*, 56 AD3d 926, 926 [2008], *lv denied* 11 NY3d 716 [2009] [internal quotation marks and citations omitted]; *see Matter of Kelley v VanDee*, 61 AD3d 1281, 1284 [2009]). Although the Family Court Judge indicated at a pretrial conference that he might refer the matter to another judge since he had read the transcript from the August 2009 fact-finding hearing and affirmed the Support Magistrate's findings, he also stated that his decision could be different following this hearing as a result of seeing and hearing the witnesses. The potential reason for recusal was weighed by the Judge and he determined that he could consider the case fairly. We are unpersuaded that his determination constituted an abuse of discretion.

Next, respondent argues that testimony regarding events occurring after the earlier hearing in August 2009 should not have been permitted at the May 2011 hearing. He further asserts that the financial information from that earlier hearing should have been updated. Although both pro se litigants offered some evidence of events occurring after the petition was filed and no motion was made to conform the pleadings to the proof (*see Matter of Martin v Mills*, 94 AD3d 1364, 1365 n [2012]), Family Court's determination ultimately was not premised upon such evidence. Further, the parties' financial information from 2009 was properly considered for the child support obligation, which ran from May 2009 to April 2010 and, in

any event, it does not appear that the parties offered any updated financial information at the May 2011 hearing.

Family Court's finding that respondent failed to satisfy his burden with regard to the affirmative defenses of abandonment and alienation was based in part upon its assessment of credibility. Although respondent urges that petitioner was not a credible witness, we generally "[a]ccord[ ] great weight to Family Court's credibility assessments" (*Matter of Boccalino v Boccalino*, 59 AD3d 901, 903 [2009]). We discern no reason to reject Family Court's assessment of credibility here. Accepting those assessments, the record supports Family Court's determination that respondent's affirmative defenses were not sufficiently proven.

Family Court was well within its discretion in not awarding counsel fees to respondent, who had considerably higher earnings than petitioner (*see e.g. Halse v Halse*, 93 AD3d 1003, 1006 [2012]).

Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.