Matter of Firenze v Firenze (2020 NY Slip Op 01769)





Matter of Firenze v Firenze


2020 NY Slip Op 01769


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


210 CAF 18-00739

[*1]IN THE MATTER OF ILENE M. FIRENZE, PETITIONER-RESPONDENT,
v
JUSTIN A. FIRENZE, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
ELIZABETH C. FRANI, SYRACUSE, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered June 30, 2017 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, directed respondent to pay semi-monthly support of $1,206.56. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order that granted in part petitioner mother's objections to the order of the Support Magistrate and fixed the amount of the father's semi-monthly child support obligation at $1,206.56. We affirm. Initially, we reject the contention of the father that the Support Magistrate lacked subject matter jurisdiction on the ground that the father raised "visitation as a defense" to the petition (Family Ct Act § 439 [a]; see Matter of Rubino v Morgan, 203 AD2d 698, 699-700 [3d Dept 1994]). Contrary to the father's contention, the record demonstrates that he merely identified his equal visitation time with the children as a factor for the Support Magistrate to consider in determining whether a deviation from the presumptive support obligation calculated pursuant to the Child Support Standards Act ([CSSA] Family Ct Act § 413) was appropriate (see § 413 [1] [f] [9]; cf. Rubino, 203 AD2d at 699-700).
We reject the father's contention that Family Court erred in granting the mother's objections with respect to the Support Magistrate's determination that the father's basic child support obligation under the CSSA was unjust or unfair and that a downward deviation from the presumptively correct amount was warranted. The father paid for some of the children's sports equipment and sports registration fees, and he also paid for food, lodging, and travel associated with some of the games. The father failed, however, to establish that those expenses were "extraordinary" and that the mother's expenses were substantially reduced as a result of the father's expenditures. Housing, food, and other similar expenses are not "extraordinary expenses" within the meaning of Family Court Act
§ 413 (1) (f) (9) (i) (see Matter of Jerrett v Jerrett, 162 AD3d 1715, 1717 [4th Dept 2018]), nor is the cost of entertainment, including sports, an extraordinary visitation expense for purposes of calculating child support (see Matter of Pandozy v Guadette, 192 AD2d 779, 780 [3d Dept 1993]). The father also failed to establish that his past service as a volunteer coach for the children's sports teams and his decision to travel less for work were non-monetary contributions to the care and well-being of the children within the meaning of section 413 (1) (f) (5).
Finally, we have considered the father's remaining contention and conclude that it lacks merit.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court