Matter of Livingston County Dept. of Social Servs. v Hyde (2021 NY Slip Op 04316)





Matter of Livingston County Dept. of Social Servs. v Hyde


2021 NY Slip Op 04316


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


653 CAF 20-01562

[*1]IN THE MATTER OF LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES ON BEHALF OF DAWN M. DAVIS, PETITIONER-APPELLANT,
v
ERIC D. HYDE, RESPONDENT-RESPONDENT. 






SHANNON L. HILLIER, COUNTY ATTORNEY, GENESEO (JOHN M. LOCKHART OF COUNSEL), FOR PETITIONER-APPELLANT. 


 Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered November 26, 2019 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objections are granted, the petition is granted, and respondent is directed to pay child support in the amount of $74 per week retroactive to August 5, 2019, and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner appeals from an order denying its objections to the order of the Support Magistrate. Petitioner commenced this proceeding on behalf of the mother of the subject child seeking an upward modification of respondent father's child support obligation. The record establishes that the father and the mother share legal and physical custody of the child, and the mother receives public assistance to help support the child. The father is employed and makes approximately $22,000 per year, and a prior order directed him to pay $50 per month in child support. The Support Magistrate determined that, pursuant to the Child Support Standards Act (CSSA) (see Family Court Act § 413 [1] [c]), the father's support obligation based on his income was $74 per week, and the record supports that calculation. Nevertheless, the Support Magistrate further determined that the amount was unjust, and granted a variance by setting the father's support obligation at $50 per week.
We agree with petitioner that Family Court erred in denying its objections to the Support Magistrate's order. It is well settled that "the CSSA must be applied to all child support orders, regardless of a child's receipt of public assistance" (Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153 [2001]). Here, the Support Magistrate purported to reduce the father's obligation pursuant to Family Court Act § 413 (1) (f) (10) because the father made additional expenditures to maintain his house to permit the child to stay there during the time that he stayed with the father. Such a reduction for extended visitation is permitted by section 413 (1) (f) (9), however, and that subdivision of the statute applies only where "the child is not on public assistance" (id.; see Matter of Soldato v Benson, 128 AD3d 1524, 1525 [4th Dept 2015]). Furthermore, we have previously stated that a determination to grant a downward deviation from the presumptive support obligation on the ground that the noncustodial parent incurred expenses while the child was in his or her care " 'was merely another way of [improperly] applying the proportional offset method' "(Matter of Jerrett v Jerrett, 162 AD3d 1715, 1717 [4th Dept 2018]), and the proportional offset method of calculating child support has been explicitly rejected by the Court of Appeals (see Bast v Rossoff, 91 NY2d 723, 732 [1998]). The remaining grounds upon which the Support Magistrate relied in granting the variance have no support in the record (see Jerrett, 162 AD3d at 1717). Consequently, we reverse the order, grant petitioner's objections, grant the petition, and direct the father to pay child support in the amount of $74 per week retroactive to August 5, 2019, and we remit the matter to Family Court to calculate the amount of [*2]arrears owed to petitioner.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court