Matter of Livingston County Support Collection Unit v Sansocie (2022 NY Slip Op 01914)





Matter of Livingston County Support Collection Unit v Sansocie


2022 NY Slip Op 01914


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.


180 CAF 21-01261

[*1]IN THE MATTER OF LIVINGSTON COUNTY SUPPORT COLLECTION UNIT, ON BEHALF OF MICHAEL P. YUSKO, PETITIONER-APPELLANT,
v
JEANA L. SANSOCIE, RESPONDENT-RESPONDENT. 






JOHN M. LOCKHART, GENESEO, FOR PETITIONER-APPELLANT.
OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY L. TURNER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Livingston County (Kevin Van Allen, J.), dated February 4, 2021 in a proceeding pursuant to Family Court Act article 4. The order denied the petitioner's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting petitioner's objections in part and vacating the amount of respondent's child support obligation, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner, acting on behalf of the father of the subject children, appeals from an order denying its objections to the order of the Support Magistrate that, among other things, granted in part the petition for an upward modification of respondent mother's child support obligation. We agree with petitioner that the Support Magistrate erred in deviating from the presumptive support obligation calculated pursuant to the Child Support Standards Act (CSSA) (Family Ct Act § 413) and that Family Court therefore should have granted the father's objections with respect to that part of the Support Magistrate's order.
It is well settled that "[s]hared custody arrangements do not alter the scope and methodology of the CSSA" (Bast v Rossoff, 91 NY2d 723, 732 [1998]). Indeed, the Court of Appeals has "explicitly reject[ed] the proportional offset formula" whereby the noncustodial parent's child support obligation would be reduced based upon the amount of time that he or she actually spends with the child (id.). To the contrary, a court must calculate the basic child support obligation under the CSSA, and then must order the noncustodial parent to pay his or her "pro rata share of the basic child support obligation, unless it finds that amount to be 'unjust or inappropriate' " (id. at 727; see Family Ct Act § 413 [1] [f], [g]).
Here, there is a shared custody arrangement in which the father is the primary custodial parent, and the Support Magistrate determined that, because the children spent approximately 50% of the parenting time with the mother and because the mother incurred expenses for the children's "food, clothing, shelter, utilities, cell phones, transportation[,] and extracurricular activities" during the times they were with her, she should be granted a variance from the presumptive support obligation. That was error. Although "extraordinary expenses incurred by the non-custodial parent in exercising visitation" with a child not on public assistance may support a finding that the presumptive support obligation is unjust or inappropriate (Family Ct Act § 413 [1] [f] [9] [i]), "[t]he costs of providing suitable housing, clothing and food for [a child] during custodial periods do not qualify as extraordinary expenses so as to justify a deviation from the presumptive amount" (Matter of Ryan v Ryan, 110 AD3d 1176, 1180-1181 [3d Dept 2013]; see Matter of Firenze v Firenze, 181 AD3d 1198, 1199 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215-1216 [3d Dept 2015]), "nor is the cost of entertainment, including sports, an extraordinary visitation expense for [*2]purposes of calculating child support" (Firenze, 181 AD3d at 1199; see Matter of Jerrett v Jerrett, 162 AD3d 1715, 1717 [4th Dept 2018]). Thus, we conclude that the Support Magistrate's determination "was merely another way of [improperly] applying the proportional offset method" (Ryan, 110 AD3d at 1180; see Matter of Livingston County Dept. of Social Servs. v Hyde, 196 AD3d 1071, 1072 [4th Dept 2021]; see generally Bast, 91 NY2d at 732). The remaining grounds upon which the Support Magistrate relied in granting the variance have no support in the record (see Jerrett, 162 AD3d at 1717). To the extent that the Support Magistrate determined that the father's expenses were substantially reduced as a result of the mother's expenditures during extended visitation (see
§ 413 [1] [f] [9] [ii]), we agree with petitioner that there is no support in the record for that determination (see Juneau v Juneau, 240 AD2d 858, 859 [3d Dept 1997], lv denied 90 NY2d 812 [1997], rearg denied 91 NY2d 922 [1998]).
Although this Court has the power to make a determination whether the presumptive support obligation is unjust or inappropriate (see generally Riemersma v Riemersma, 84 AD3d 1474, 1477 [3d Dept 2011]), we are unable to make such a determination here because the record lacks an evidentiary basis for doing so (see generally Matter of Kay v Cameron, 270 AD2d 939, 940 [4th Dept 2000]). We therefore modify the order by granting the objections in part and vacating the amount of respondent's child support obligation, and we remit the matter to Family Court for a determination of respondent's support obligation
upon an adequate record.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court