■ In the Matter of NAQUAN L.G. GRAHAM WINDHAM FAMILY AND CHILDREN'S SERVICES et al., Respondents; CAROLYN C., Appellant. (Proceeding No. 1.) In the Matter of TANZANIA N.C. GRAHAM WINDHAM FAMILY AND CHILDREN'S SERVICES et al., Respondents; CAROLYN C., Appellant. (Proceeding No. 2.) [987 NYS2d 904]—

In related proceedings pursuant to Social Services Law § 383-c, the mother appeals from an order of the Family Court, Queens County (McGowan, J.), dated January 30, 2013, which denied her motion to vacate the judicial surrenders of her parental rights executed on January 20, 2011.

Ordered that the matter is remitted to the Family Court, Queens County, for a reconstruction hearing with respect to those portions of the proceedings conducted in the above-entitled cases on January 20, 2011, which could not be transcribed because the tape recordings were inaudible, and thereafter to report to this Court with all convenient speed, and the appeal is held in abeyance in the interim.

The mother contends, among other things, that her judicial surrenders of her parental rights executed on January 20, 2011, were invalid because the Family Court failed to comply with the requirements of Social Services Law § 383-c (3) (b). However, the issues raised by the mother on appeal cannot be resolved on

the record provided to this Court since relevant portions of the proceedings held on January 20, 2011, could not be transcribed because the tape recordings were inaudible (*see Matter of Olson v Olson*, 8 AD3d 285, 286 [2004]). Accordingly, we remit the matter to the Family Court, Queens County, for a reconstruction hearing with respect to those portions of the proceedings conducted in the above-entitled cases on January 20, 2011, which could not be transcribed because the tape recordings were inaudible, and the appeal is held in abeyance in the interim (*see Matter of Chu Man Woo v Qiong Yun Xi*, 100 AD3d 883 [2012]; *Matter of Garner v Garner*, 88 AD3d 708 [2011]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.