■ Adriana Monaco, Respondent, v New York City Transit Authority et al., Appellants, et al., Defendant. [59 NYS3d 774]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Michael Fragapane appeal (1) from an order of the Supreme Court, Kings County (Toussaint, J.), dated January 13, 2016, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for a new trial, and (2), as limited by their brief, from so much of an order of the same court dated August 10, 2016, as, upon reargument, adhered to the determination in the order dated January 13, 2016.

Ordered that the appeal from the order dated January 13, 2016, is dismissed, as that order was superseded by the order dated August 10, 2016, made upon reargument; and it is further,

Ordered that the order dated August 10, 2016, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

During the trial of this action to recover damages for personal injuries, the court reporter assigned to the trial was unable to provide readbacks of certain testimony, and appeared to fall asleep during the summation by the attorney for the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Michael Fragapane (hereinafter collectively the defendants). After the jury returned a verdict in favor of the defendants on the issue of liability, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial, on the grounds that the trial could not be transcribed and that the verdict was contrary to the weight of the evidence. A senior court reporter submitted an affidavit in connection with the motion in which she stated that the court reporter who was assigned to the trial had died, and that there were "significant gaps in [that court reporter's] notes which rendered the trial unable to be transcribed." In an order dated January 13, 2016, the Supreme Court granted the plaintiff's motion. The defendants then moved for leave to reargue the plaintiff's motion, and the court adjourned the motion and directed the parties to attempt to settle the transcript. In an order dated August 10, 2016, after receiving supplemental affirmations from the parties' attorneys articulating their attempts to resettle the transcript, the court determined that the transcript could not be reconstructed, and thus granted reargument and adhered to its original determination. The defendants appeal.

A stenographic transcript is an aid to the judge, who is tasked with the final responsibility to certify the record (*see*

CPLR 5525 [c], [d]). The parties may agree on a statement in lieu of a transcript and the court may adopt, according to its own recollection, a statement in lieu of transcript submitted by one of the parties (*see Brandenburg v Brandenburg*, 188 AD2d 368 [1992]). However, when no agreement and no reconstruction is possible, a new trial is required. Indeed, in civil cases, where a stenographer dies or is no longer in possession of minutes and the minutes cannot be obtained, meaningful appellate review is impaired and a new trial should be ordered if reconstruction is not possible (*see Matter of Naquan L.G. [Carolyn C.]*, 119 AD3d 567 [2014]; *Matter of Kelly v Johnson*, 53 AD3d 580 [2008]; *Davis Bros. Eng'g Corp. v Ferraro*, 297 AD2d 275 [2002]).

Here, the Supreme Court determined that it could not meaningfully review the branch of the plaintiff's motion which was to set aside the jury verdict as contrary to the weight of the evidence because of the inadequacies of the trial transcript. Under the circumstances of this case, the court correctly determined that the trial proceedings could not be reconstructed and that a new trial was required (*see People v Harrison*, 85 NY2d 794 [1995]; *Matter of Naquan L.G. [Carolyn C.]*, 119 AD3d 567 [2014]; *Matter of Kelly v Johnson*, 53 AD3d 580 [2008]; *Davis Bros. Eng'g Corp. v Ferraro*, 297 AD2d 275 [2002]). Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.