Matter of Trejo v Pavon (2020 NY Slip Op 03412)





Matter of Trejo v Pavon


2020 NY Slip Op 03412


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-08382
 (Docket No. V-2385-14)

[*1]In the Matter of Elvin Trejo, respondent-appellant,
v
Ingrid Pavon, appellant-respondent.


Joseph H. Niven, Forest Hills, NY, for appellant-respondent.
Elliot Green, Brooklyn, NY, for respondent-appellant.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an order of the Family Court, Queens County (Diane Constanzo, J.), dated May 30, 2018. The order, insofar as appealed from, upon a decision of the same court also dated May 30, 2018, made after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and, in effect, denied the mother's petition for sole legal and residential custody of the child. The order, insofar as cross-appealed from, awarded the mother unsupervised parental access with the child.
ORDERED that the matter is remitted to the Family Court, Queens County, for a reconstruction hearing with respect to that portion of the proceeding conducted on May 4, 2016, in the above-entitled case related to the testimony of Isaac Benzequen, which could not be transcribed because the tape recording was inaudible, and thereafter to report to this Court with all convenient speed, and the appeal is held in abeyance in the interim.
The father filed a petition seeking sole legal and residential custody of the parties' child, and the mother filed a petition seeking sole legal and residential custody of the child. After a hearing that began in 2016 and continued until 2018, the Family Court denied the mother's petition for sole legal and residential custody of the child, granted the father's petition for sole legal and residential custody of the child, and awarded the mother unsupervised parental access with the child. The mother appeals, and the father cross-appeals.
The issues raised by the mother on appeal and by the father on cross appeal cannot be resolved on the record provided to this Court because the portion of the proceeding held on May 4, 2016, related to the testimony of the forensic evaluator, Isaac Benzequen, could not be transcribed because the tape recording was inaudible (see Matter of Naquan L.G. [Carolyn C.], 119 AD3d 567, 567-568). Accordingly, we remit the matter to the Family Court, Queens County, for a reconstruction hearing with respect to that portion of the proceeding conducted on May 4, 2016, related to the testimony of Isaac Benzequen, which could not be transcribed because the tape recording was inaudible, and the appeal is held in abeyance in the interim.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court