Midfirst Bank v Ajala (2020 NY Slip Op 51019(U))

[*1]

Midfirst Bank v Ajala

2020 NY Slip Op 51019(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1080 W C

Midfirst Bank, Respondent,
against
Joseph Ajala, Appellant, Ruth Ajala, John Ajala, Abigail Ajala,
Maryann Smith-Jackson, Winsome Dunkley, Hervin Headlam, Muhau Pumulo, "John Doe" and
"Jane Doe," Occupants. 

Joseph Ajala, appellant pro se.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP (Ruth O'Connor of counsel), for
respondent.

Appeal from a final judgment of the City Court of Mount Vernon, Westchester County
(Adrian N. Armstrong, J.), entered March 16, 2018. The final judgment, insofar as appealed
from, upon a summary determination pursuant to CPLR 409, awarded petitioner possession as
against Joseph Ajala in a summary proceeding brought pursuant to RPAPL 713 (5).

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Petitioner commenced this summary proceeding pursuant to RPAPL 713 (5) based upon a
referee's deed dated July 2, 2015, which it had obtained after a foreclosure sale. Joseph Ajala
(occupant) appeals from so much of a final judgment as, upon a summary determination pursuant
to CPLR 409, awarded possession to petitioner as against him. We affirm.
Occupant's contention that substituted service of the notice to quit with a certified copy of
the deed attached did not satisfy the exhibition requirement of RPAPL 713 (5) is without merit
(see Kushnir v Hartman, 61 Misc 3d
131[A], 2018 NY Slip Op 51445[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
see also Plotch v Dellis, 60 Misc 3d
1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), and the City Court correctly
refused to consider occupant's challenge to the validity of the foreclosure sale (see Nassau Homes Corp. v Shuster, 33
Misc 3d 130[A], 2011 NY Slip Op 51861[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2011]; Banker's Trust v
Corbin, 14 Misc 3d 136[A], 2007 NY Slip Op 50239[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2007]).
Occupant's remaining arguments are all based upon an incorrect premise: that, because the
deed was acknowledged in Florida and is not accompanied by a certificate of conformity, it fails
to comply with CPLR 2309 (c). This CPLR provision governs oaths and affirmations, not
acknowledgments, and it is not relevant to the RPAPL 713 (5) requirement that the deed be
exhibited. We note, however, that the acknowledgment on the referee's deed includes all of the
[*2]language required by Real Property Law § 309-b (1),
such that compliance with Real Property Law § 299-a (1), the recording statute upon which
occupant likely meant to rely, would not require a certificate of conformity (see Capital One, N.A. v Mc Cormack,
183 AD3d 644 [2020]; Midfirst
Bank v Agho, 121 AD3d 343 [2014]). In light of the foregoing, we need not consider the
specifics any of occupant's remaining arguments.
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020