Scoppo v Scoppo (2020 NY Slip Op 06614)





Scoppo v Scoppo


2020 NY Slip Op 06614


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


692 CA 19-01281

[*1]LISA ANN SCOPPO, PLAINTIFF-RESPONDENT,
v
BERNARD CHARLES SCOPPO, DEFENDANT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Monroe County (John B. Gallagher, Jr., J.), entered December 21, 2018 in a divorce action. The judgment, inter alia, ordered defendant to pay child support. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, directed him to pay child support to plaintiff wife and distributed marital assets. The husband contends that Supreme Court abused its discretion in imputing income to him, for purposes of calculating his child support obligation, based on undisclosed income from a vehicle repair and storage business. We reject that contention. The trial court has "considerable discretion to . . . impute an annual income to a [party] . . . , and a court's imputation of income will not be disturbed so long as there is record support for its determination" (Lauzonis v Lauzonis, 105 AD3d 1351, 1351 [4th Dept 2013] [internal quotation marks omitted]). A court " 'may properly find a true or potential income higher than that claimed where the party's account of his or her finances is not credible' " (Sharlow v Sharlow, 77 AD3d 1430, 1431 [4th Dept 2010]), and "may impute income when the record supports a finding that the [party] has underreported earnings from a business" (Matter of Susko v Susko, 181 AD3d 1016, 1020-1021 [3d Dept 2020]; see Matter of Rubley v Longworth, 35 AD3d 1129, 1130 [3d Dept 2006], lv denied 8 NY3d 811 [2007]). We conclude that the evidence in the record here, including the husband's payment of business expenses and sales tax, supports the court's determination imputing additional annual income to him (see Susko, 181 AD3d at 1021-1022; Matter of Sena v Sena, 65 AD3d 1244, 1245 [2d Dept 2009]). The husband's further contention with respect to the calculation of child support is not preserved for our review (see Brinson v Brinson, 178 AD3d 1367, 1368 [4th Dept 2019]; Barrett v Barrett, 175 AD3d 1067, 1070 [4th Dept 2019]; Winship v Winship, 115 AD3d 1328, 1329 [4th Dept 2014]). Finally, contrary to the husband's contention, we conclude on this record that the court did not err in determining that the proceeds from the sale of the parties' residence, which had been acquired by the parties prior to the marriage as joint tenants with rights of survivorship, should be divided equally (see generally RPAPL 901 [1]; Quattrone v Quattrone, 210 AD2d 306, 307 [2d Dept 1994]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court