NBD 1818 2019, LLC v Johnson (2022 NY Slip Op 50367(U))

[*1]

NBD 1818 2019, LLC v Johnson

2022 NY Slip Op 50367(U) [75 Misc 3d 127(A)]

Decided on May 6, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 6, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2021-288 K C

NBD 1818 2019, LLC, Respondent,
against
Letricia D. Johnson, Appellant, Sheila Alexander, Eugene Alexander,
John Doe and Jane Doe, Respondents. 

Letricia D. Johnson, appellant pro se.
Morris Fateha, for respondent NBD 1818 2019, LLC (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T.
Barany, J.), dated May 25, 2021, deemed from a final judgment of that court entered June 23,
2021 (see CPLR 5501 [c]). The final judgment, entered pursuant to the May 25, 2021 order
denying occupant's motion, in effect, to dismiss the petition and granting petitioner's cross
motion for summary judgment, awarded petitioner possession in a summary proceeding
commenced pursuant to RPAPL 713 (5).

ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this post-foreclosure summary proceeding (RPAPL 713 [5]) after
obtaining ownership pursuant to a referee's deed, dated December 12, 2019. Occupant moved, in
effect, to dismiss the petition and petitioner cross-moved for summary judgment. It was
undisputed that the referee's deed was the result of a mortgage foreclosure action commenced in
Supreme Court, Kings County, in 2008. In an order dated May 25, 2021, the Civil Court denied
occupant's motion and granted petitioner's cross motion, and, pursuant to that order, a final
judgment was entered on June 23, 2021. 
Contrary to occupant's argument on appeal, the Civil Court properly rejected her challenge to
the validity of the foreclosure sale (see
Midfirst Bank v Ajala, 68 Misc 3d 134[A], 2020 NY Slip Op 51019[U] [App Term, 9th
& 10th Jud Dists 2020]; JVJC Corp. v Hampton, [*2]66 Misc 3d 142[A], 2020 NY Slip Op 50158[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2020]). Indeed, "the judgment of foreclosure and sale was final
as to all issues and defenses that might have been litigated in the foreclosure action, and the
Supreme Court's determination is not subject to collateral attack in the [Civil] Court" (Nassau Homes Corp. v Shuster, 33
Misc 3d 130[A], 2011 NY Slip Op 51861[U], *1 [App Term, 2d Dept, 9th & 10th Jud
Dists 2011] [internal citations omitted]; see also Banker's Trust v Corbin, 14 Misc 3d 136[A], 2007 NY Slip
Op 50239[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Occupant therefore presents
no basis to disturb the final judgment. 
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 6, 2022