6914 Ridge Blvd., LLC v Delao (2022 NY Slip Op 50365(U))

[*1]

6914 Ridge Blvd., LLC v Delao

2022 NY Slip Op 50365(U) [75 Misc 3d 127(A)]

Decided on May 6, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 6, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2020-544 K C and
2020-692 K C
6914 Ridge
Blvd., LLC, Appellant,
against
Elinora Delao, Respondent, et al., Undertenants.

Berger Fink, LLP (David M. Berger and Valentine A. Pagan of counsel), for appellant.
Camba Legal Services (Kevin Li, Rabiah Gul and Alfred Toussaint of counsel), for respondent.

Appeals from a decision of the Civil Court of the City of New York, Kings County (Jeannine
B. Kuzniewski, J.), dated January 6, 2020 (appeal No. 2020-544 K C), deemed from a final
judgment of that court entered January 6, 2020 (see CPLR 5512 [a]), and from an order of the
same court dated June 30, 2020 (appeal No. 2020-692 K C). The final judgment, upon the
decision, after a nonjury trial, dismissed the petition in a holdover summary proceeding. The
order dated June 30, 2020, insofar as appealed from as limited by the brief, denied landlord's
motion for a new trial.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that the appeals are held in abeyance and the matter is remitted to the Civil Court
for a reconstruction hearing with respect to the portion of the trial that was conducted on
September 9, 2019, which portion could not be transcribed because the recording was inaudible;
if the minutes can be reconstructed, the stenographer(s) and/or the transcription service(s) is/are
required to promptly make and certify a transcript of the reconstruction hearing, and the appellant
is directed to file the certified transcript with this court within 30 days after the reconstruction
hearing has been completed with proof of service of copies of said transcript on all of the other
parties to the appeal; if the minutes cannot be reconstructed, the Civil Court shall issue a report
to this court with all convenient speed.
In this licensee summary proceeding (RPAPL 713 [7]) to recover possession of a [*2]rent-controlled apartment, occupant Elinora Delao defended on the
ground that she was entitled to succeed to the tenancy of Marguerite Valentin as a nontraditional
family member (see New York City Rent and Eviction Regulations [9 NYCRR] §
2204.6). Following a trial that was held over the course of four days, the Civil Court dismissed
the petition, finding that occupant was entitled to succeed to Valentin's tenancy, and landlord
appeals (appeal No. 2020-544 K C). Upon attempting to settle the trial transcripts in order to
perfect its appeal, landlord's appellate counsel learned that the recording of the portion of the trial
that had been held on September 9, 2019 had been corrupted and was inaudible. As limited by its
brief, landlord also appeals (appeal No. 2020-692 K C) from so much of an order of the Civil
Court dated June 30, 2020 as, upon granting leave to file a late motion, denied the branch of
landlord's motion seeking a new trial upon a finding that the Civil Court could not, at that
juncture, determine that reconstruction of the missing trial transcript was not possible.
The issue raised by landlord in its appeal from the final judgment cannot be resolved on the
record provided to this court due to the absence from the record of a transcript for the portion of
the trial that was held on September 9, 2019 and which contained the cross-examination of
occupant and the examination and cross-examination of two of occupant's three witnesses. A
reconstruction hearing must therefore be held as to that portion of the trial (see Matter of Trejo v Pavon, 184 AD3d
760 [2020]; Matter of Eckstein v
Young, 166 AD3d 971 [2018]; Matter of Naquan L.G. (Carolyn C.),119 AD3d
567 [2014]; C.F.C. Commercial
Flooring Contrs., Inc. v Sachs, 9 Misc 3d 128[A], 2005 NY Slip Op 51524[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Accordingly, the appeals are held in abeyance and the matter is remitted to the Civil Court
for a reconstruction hearing with respect to that portion of the trial that was conducted on
September 9, 2019, which portion could not be transcribed because the recording was
inaudible.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 6, 2022