Wagner v Wagner (2022 NY Slip Op 06600)

Wagner v Wagner

2022 NY Slip Op 06600

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

866 CA 22-00246

[*1]GARRETT J. WAGNER, PLAINTIFF-APPELLANT,
v
CASSIE C. WAGNER, DEFENDANT-RESPONDENT. 

LAW OFFICE OF DAVID TENNANT PLLC, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Edward C. Gangarosa, R.), entered January 6, 2022. The order denied plaintiff's motion for a reconstruction hearing. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this matrimonial action, plaintiff appeals from an order denying his motion for a reconstruction hearing. Initially, contrary to the parties' contentions, we conclude that, despite some inartful phrasing, plaintiff's motion sought only a reconstruction hearing to reconstruct portions of the testimony of plaintiff and defendant that could not be transcribed due to malfunctions of the audio recording system. We agree with plaintiff that Supreme Court abused its discretion in denying the motion.
"Parties to an appeal are entitled to have that record show the facts as they really happened at trial, and should not be prejudiced by an error or omission of the stenographer" or the audio recording device (People v Bethune, 29 NY3d 539, 541 [2017]; see People v Henderson, 140 AD3d 1761, 1761 [4th Dept 2016]; Matter of Jordal v Jordal, 193 AD2d 1102, 1102 [4th Dept 1993]). Here, contrary to the court's determination, the record establishes that significant portions of the testimony of plaintiff and defendant, including testimony related to child custody and certain other issues, could not be transcribed due to malfunctions of the audio recording system, which would preclude meaningful appellate review of those issues (see Matter of Trejo v Pavon, 184 AD3d 760, 761 [2d Dept 2020]; Henderson, 140 AD3d at 1761; Matter of Naquan L.G. [Carolyn C.], 119 AD3d 567, 568 [2d Dept 2014]). To the extent that they are properly before us, we have considered and rejected the parties' remaining contentions. We therefore reverse the order, grant the motion, and remit the matter to Supreme Court to hold a reconstruction hearing with the parties and any witnesses or evidence the court deems helpful in reconstructing, if possible, those portions of the testimony of plaintiff and defendant that could not be transcribed (see Bethune, 29 NY3d at 541; Trejo, 184 AD3d at 761; Henderson, 140 AD3d at 1761; see generally CPLR 5525; Monaco v New York City Tr. Auth., 153 AD3d 705, 706-707 [2d Dept 2017]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court