Wagner v Wagner (2023 NY Slip Op 03593)

Wagner v Wagner

2023 NY Slip Op 03593

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

311 CA 21-01647

[*1]GARRETT J. WAGNER, PLAINTIFF-APPELLANT-RESPONDENT,
v
CASSIE C. WAGNER, DEFENDANT-RESPONDENT-APPELLANT. 

LAW OFFICE OF DAVID TENNANT PLLC, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-RESPONDENT-APPELLANT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 

 Appeal and cross-appeal from a judgment of the Supreme Court, Monroe County (Edward C. Gangarosa, R.), entered October 15, 2021. The judgment, inter alia, directed plaintiff to pay spousal maintenance and child support. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and the law by reducing plaintiff's imputed income for the period from April 16, 2021, onward to $76,000 annually, vacating the ninth through thirteenth decretal paragraphs, awarding defendant post-divorce maintenance in the amount of $623 per month for a period of 15 months, vacating the fourteenth decretal paragraph and substituting therefor the provision that plaintiff shall be the legally responsible relative to maintain health insurance for the benefit of the unemancipated child and the parties shall pay the child's health care plan and uncovered medical and dental expenses in the following pro rata shares: 70% by the plaintiff and 30% by the defendant, awarding plaintiff credit for 50% of the amount of the loan for new windows for the marital residence, and dividing the responsibility for paying the outstanding debt to the neutrals between the parties equally, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this matrimonial action, plaintiff appeals and defendant cross-appeals from a judgment of divorce that, inter alia, established a custody schedule, granted child support and spousal maintenance, and distributed marital property. Plaintiff contends on his appeal that he is entitled to summary reversal on the ground that he has been denied his right to effective appellate review because portions of the trial testimony could not be transcribed due to malfunctions of the audio recording system (see generally People v Rivera, 39 NY2d 519, 522-523 [1976]). We reject that contention. We previously reversed an order denying plaintiff's motion for a reconstruction hearing and remitted the matter for such a hearing to "reconstruct[ ], if possible, those portions of the testimony of plaintiff and defendant that could not be transcribed" (Wagner v Wagner, 210 AD3d 1515, 1515 [4th Dept 2022]). On this appeal, the parties have submitted a statement of settlement by Supreme Court purporting to reconstruct the missing testimony. In light of the availability of that "alternative method[ ] to provide an adequate record," summary reversal is not warranted (People v Yavru-Sakuk, 98 NY2d 56, 60 [2002] [internal quotation marks omitted]).
Contrary to plaintiff's contention on his appeal, "this proceeding involves an initial court determination with respect to custody and, [a]lthough the parties' informal arrangement is a factor to be considered, [defendant] is not required to prove a substantial change in circumstances in order to warrant a modification thereof" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]). Contrary to plaintiff's further contention, we conclude that a sound and substantial basis in the record supports the court's [*2]determination that the best interests of the child would be served by the custody schedule established by the court (see Matter of Fanfarillo v Fanfarillo, 213 AD3d 1292, 1292 [4th Dept 2023]; Timothy MYC, 151 AD3d at 1732).
Plaintiff further contends on his appeal that the court erred in imputing to him as income for the period from April 16, 2021, onward a sum of money he paid pursuant to a contractual obligation. We agree. "The proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide" (Matter of Fries v Price-Yablin, 209 AD2d 1002, 1003 [4th Dept 1994]). Thus, the court "possess[es] considerable discretion to impute income in fashioning a child support award . . . [, and such an] imputation of income will not be disturbed so long as there is record support for [it]" (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016] [internal quotation marks omitted]; see Scoppo v Scoppo, 188 AD3d 1632, 1632 [4th Dept 2020]). Here, although plaintiff's ability to make the contractual payment was some evidence that income should be imputed to him beyond the account he gave of his own finances (see Anastasi v Anastasi, 207 AD3d 1131, 1132 [4th Dept 2022]), the record does not support the court's conclusion that the payment was itself income. This Court's discretion to make findings of fact from the record, however, is as broad as that of the trial court (see Franz v Franz, 107 AD2d 1060, 1061 [4th Dept 1985]). Here, we conclude that the record is sufficient for us to determine that, based on plaintiff's employment history and earning capacity, an annual income of $76,000 should be imputed to him for the period from April 16, 2021, onward, and we therefore modify the judgment accordingly.
We agree with defendant on her cross-appeal that the court erred in deviating from the presumptive child support award pursuant to the Child Support Standards Act (CSSA). A court must calculate the basic child support obligation under the CSSA and then must order the noncustodial parent to pay his or her "pro rata share of the basic child support obligation, unless it finds that amount to be 'unjust or
inappropriate' " (Bast v Rossoff, 91 NY2d 723, 727 [1998]; see Domestic Relations Law § 240 [1-b] [f], [g]). Here, although the court deviated from the presumptive child support award in part on the ground that the child shared the residences of the parents, the shared custody arrangement was not a proper basis for downward deviation from the presumptive support obligation (see Matter of Jerrett v Jerrett, 162 AD3d 1715, 1716 [4th Dept 2018]; Matter of Ryan v Ryan, 110 AD3d 1176, 1180 [3d Dept 2013]; see generally Bast, 91 NY2d at 730-732). The remaining grounds on which the court relied in granting the variance lack support in the record (see Matter of Livingston County Dept. of Social Servs. v Hyde, 196 AD3d 1071, 1072 [4th Dept 2021]). We therefore further modify the judgment by vacating the child support award, and we remit the matter to Supreme Court to recalculate the respective child support obligations of the parties.
We also agree with defendant on her cross-appeal that the court erred in failing, in effect, to award both temporary and post-divorce maintenance. Inasmuch as this action was commenced on March 19, 2019, the maintenance guidelines set forth in Domestic Relations Law § 236 (B) (5-a) and (6) apply, and the court erred in considering instead the factors set forth in section 236 (B) (6) (former [a]). Moreover, the court conflated the temporary and post-divorce maintenance calculations and thus denied defendant the full extent of maintenance she is entitled to under the statute. Defendant does not otherwise contest the amount or duration of the maintenance award, and we therefore further modify the judgment by awarding her post-divorce maintenance in the amount of $623 per month for a period of 15 months.
As to the equitable distribution of marital assets, we agree with plaintiff on his appeal that the court erred in ordering that he pay all of the child's health insurance premiums, and we therefore further modify the judgment by ordering that plaintiff and defendant each pay their pro rata share of the premiums (see Musacchio v Musacchio, 107 AD3d 1326, 1329 [3d Dept 2013]). We also agree with plaintiff that he is entitled to a credit for half the amount of the loan used to purchase new windows for the marital residence inasmuch as the loan was a marital debt subject to equitable distribution (see Wagner v Wagner, 136 AD3d 1335, 1336 [4th Dept 2016]), and we further modify the judgment accordingly. We further modify the judgment with respect to the outstanding debt the parties incurred for neutrals—an issue that plaintiff raised at trial but that the court did not address—and we conclude that each party should pay 50% of the debt.
We have reviewed the remaining contentions of the parties and conclude that none [*3]warrants reversal or further modification of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court