Matter of Kirkland v Crawford (2024 NY Slip Op 01386)

Matter of Kirkland v Crawford

2024 NY Slip Op 01386

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

26 CAF 22-00533

[*1]IN THE MATTER OF ADRIAN KIRKLAND, PETITIONER-RESPONDENT,
v
TANGELINE CRAWFORD, RESPONDENT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR PETITIONER-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered February 18, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole legal custody and primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent mother appeals from an order that, inter alia, granted petitioner father sole legal custody and primary physical custody of the subject child.
We reject the mother's contention that summary reversal is required where 47 minutes of testimony could not be transcribed due to an audio recording malfunction. Preliminarily, by failing to object to the method used for reconstructing that testimony and failing to allege that the testimony was not properly reconstructed, the mother failed to preserve for our review "any claim of appellate prejudice" as a result thereof (Matter of China Fatimah S., 272 AD2d 138, 138 [1st Dept 2000], lv denied 95 NY2d 769 [2000]) and, in any event, summary reversal is not required where, as here, "[t]he record, including the minutes of [the] reconstruction hearing . . . , is adequate for meaningful appellate review" (Matter of Regina A., 43 AD3d 725, 726 [1st Dept 2007]; see e.g. Wagner v Wagner, 217 AD3d 1509, 1510 [4th Dept 2023]).
Contrary to the mother's further contention, while Family Court did not make an express finding of a change in circumstances, upon our own independent review of the matter (see Matter of Guillermo v Agramonte, 137 AD3d 1767, 1768 [4th Dept 2016]), we conclude that the father established the requisite change in circumstances. We also conclude that, contrary to the mother's contention, the court did not err in awarding custody of the subject child to the father. It is well settled that " 'a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1266 [4th Dept 2019]). Here, we perceive no basis to disturb the court's credibility assessment and factual findings, and we conclude that its custody determination is supported by a sound and substantial basis in the record (see id.).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court